Norma Jean POTTER, Appellant,

v.

Virginia B. POTTER, Appellee.

No. 16790.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1976.

Rehearing Denied Jan. 13, 1977.

Jerry K. Atkins, Houston, for appellant.

Schleider & Ewing, Ben H. Schleider, Jr., Houston, for appellee.

PEDEN, Justice.

Norma Jean Potter appeals from an order of the Probate Court dismissing for want of jurisdiction her suit asserting a community interest in certain shares of stock in the estate of Thomas Potter, deceased. She had been divorced from him. His widow, Virginia Beth Potter, administratrix of the estate of Thomas Potter, listed the shares in the inventory of his estate as his separate property. The basic issue is whether the determination of ownership of personal property incident to an estate has been brought within the jurisdiction of the Probate Court pursuant to the 1973 and 1975 amendments of Section 5 of the Probate Code. We hold that it has, and we reverse and remand this cause.

Plaintiff's petition alleges that the plaintiff and decedent each owned an undivided one-half interest in the stock, that the stock was not disposed of or partitioned in the divorce, and that it was owned by the decedent prior to his marriage to Virginia Potter. The answer of the defendant-appellee alleges that the interest in the stock formerly owned by the plaintiff was received by the decedent in the property settlement agreement.

The appellant's points of error are that the trial court erred in rendering an unreasonable interpretation of Section 5 of the Probate Code, Vernon's Texas Civil Statutes, and in dismissing appellant's suit for want of jurisdiction. The pertinent parts of Section 5 of the Texas Probate Code, as amended in 1973 and 1975, now read:

"(c) In those counties where there is a statutory probate court, . . . all applications, petitions and motions regarding . . . administrations . . . shall be filed and heard in such courts . . . rather than in the district courts, unless otherwise provided by the legislature . . . . .

"(d) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills."

The effectiveness of the 1973 amendment to the Probate Code depended upon adoption of a proposed amendment to Section 8 of Article V of the Constitution. That amendment was adopted and gave the Legislature power, "Section 16 of Article V of this Constitution notwithstanding, to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters . . ." By opinion No. H–434, Hon. John Hill, Attorney General of Texas, has stated that the 1973 amendment to the Texas Probate Code is constitutional and that all courts exercising probate jurisdiction may now hear all matters incident to an estate.

The amendments adding paragraphs (c) and (d) to Section 5 of the Probate Code were intended to confer upon probate courts jurisdiction over matters which have in the past been within the exclusive jurisdiction of the district courts. 17 Texas Practice Series, Woodward and Smith, Probate and Decedents' Estates (1975 pocket part) § 9.

The amendments are remedial and should be liberally construed. In our case there was no showing of any reason why the probate court should not accept the plaintiff's claim, such as inconvenience to the parties or conflict with the application of the venue statute or some other statute or rule. See Woodward and Smith, supra.

The appellee cites *Anderson v. Anderson*, 535 S.W.2d 943 (Tex.Civ.App.1976, no writ) in support of her position, but we do not consider it controlling. In that opinion the court pointed out that it has been held since early times that the probate court has no jurisdiction to determine title to real or personal property. The opinion did not mention the amendments to Section 5 of the Probate Code, and the case was decided on other grounds.

We reverse the order of dismissal and remand the plaintiff's claim to the trial court.