**Walentina SUMARUK, Appellant,**

v.

**John H. TODD, Independent Executor of the Estate of H. B. Thomson, Deceased, Appellee.**

**No. 1064.**

Court of Civil Appeals of Texas, Tyler.

Dec. 1, 1977.

C. Thomas Wesner, Jr., Wynne & Jaffe, Dallas, for appellant.

David N. Kitner, Strasburger, Price, Kelton, Martin & Unis, Rowland B. Foster, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. Plaintiff John H. Todd, independent executor of the estate of H. B. Thomson, deceased, brought suit to recover the outstanding amount of a purported $30,000 loan given by the deceased to defendant, Walentina Sumaruk, his former nurse. Defendant answered with a plea to the jurisdiction and affirmatively alleged that the $30,000 amounted to an outright gift or, alternatively, a loan to be extinguished upon the lender's death. Plaintiff filed a motion for summary judgment and produced summary judgment proof attempting to show that the $30,000 check given to defendant was a loan. In reply to the motion defendant offered summary judgment proof attempting to support the allegations in her answer. After overruling defendant's plea to the jurisdiction, the trial court granted plaintiff's motion for summary judgment in the amount of $28,750. Defendant perfected this appeal.

We reverse and remand in part and affirm in part.

At the outset we are confronted with a jurisdictional question. Under her first point of error the defendant contends that the trial court lacked jurisdiction because an action of this type lies within the exclusive jurisdiction of the statutory probate court, as it is a matter incident to an estate —specifically, a claim by an estate—which is covered under Paragraph 3 of sec. 5 of the Texas Probate Code, as amended in 1973. This provision reads:

"In those counties where there is a statutory probate court . . . all applications, petitions and motions regarding probate, administrations, . . . shall be filed and heard in such courts . . . All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate . . . ." Tex.Prob.Code Ann., sec. 5, paragraph 3 (as amended 1973).

In 1975 the statute was again amended, making little substantive change in the 1973 version. As the instant case arose prior to 1975, the 1973 amended section is thought to control. However, our holding in regard to the jurisdictional question applies as well to the 1975 version.

There is no question that this section provides that in counties such as Dallas in which there are both district and statutory courts, the statutory probate court has exclusive jurisdiction over applications, petitions and motions regarding probate and administration. Woodward & Smith, 17 Texas Practice, Ch. 1, sec. 9 (Supp.1975). Defendant contends that the second sentence "all courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate . . . ." means that the statutory probate court has exclusive jurisdiction over all matters incident to an estate, including claims by an estate, and therefore the district court improperly decided that it had jurisdiction.

■ We are not in accord with defendant's interpretation. The motivation behind the enactment of this section was to increase the powers of the probate court so that it could more fully and ably settle decedent's estates in the one proceeding. See Schwartzel & Wilshusen, *Texas Probate Jurisdiction: New Patches for the Texas Probate Code*, 54 Texas L.Rev. 372, 382–3 (1976). Therefore, we interpret this section dealing with "matters incident to an estate" to apply only to those matters in which the "controlling issue" is the settlement, partition or distribution of an estate. Schwartzel & Wilshusen, 54 Texas L.Rev. 372 at

383, supra. If a probate proceeding, such as the administration of the estate, were pending in the statutory probate court at the time this suit was filed, section 5 of the Probate Code would apply to allow the claim by the estate to be filed in the statutory probate court in which such probate proceeding was pending. The record does not reveal that any probate proceeding was taking place or pending at the time the instant suit was filed. Since no administration of the estate was taking place, sec. 5 of the Probate Code dealing with matters incident to an estate does not come into play. *Boyd v. Ratliff*, 541 S.W.2d 223 (Tex.Civ. App.—Dallas 1976, no writ). See also *Cowgill v. White*, 543 S.W.2d 437 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); *Parr v. White*, 543 S.W.2d 440 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

■ Section 5 does not purport to affect the jurisdiction of the district court over matters considered incident to an estate, such as claims by an estate, when no administration is pending and none is necessary. Woodward & Smith, 17 Texas Practice, Ch. 1, sec. 10 at 16, and Ch. 2, sec. 23 at 20 (Supp.1975). Article 5, sec. 8, of the Texas Constitution grants to the district court the general jurisdiction of a probate court, which includes the power to hear claims by an estate:

"The district court, concurrently with the county court, shall have the general jurisdiction of a probate court. . . . " Tex.Const. art. 5, sec. 8.

In *Boyd v. Ratliff*, supra, the court held that, as no administration of the estate was pending or taking place in the probate court, the statutory probate court did not have exclusive jurisdiction to construe a will. The court reasoned that actions to construe a will had always been within the jurisdiction of the district court, and sec. 5 of the Probate Code did not operate to eliminate that jurisdiction.

We conclude that the trial court did not err in assuming jurisdiction over the cause. Defendant's first point of error is overruled.

Under her second point of error defendant complains of the action of the court in granting the plaintiff a summary judgment. She argues that a genuine issue of fact was created as to whether the $30,000 which she received from Thomson was a gift or a loan. Plaintiff argues that the summary judgment proof establishes that it was a loan and that therefore the summary judgment in his favor should be sustained.

The following facts are not in dispute. Defendant, Walentina Sumaruk, was a nurse to Mr. Thomson and his wife for approximately four and one-half years prior to Thomson's death. Six months before his death Thomson delivered a check dated April 8, 1974, in the amount of $30,000 payable to Sumaruk for the purpose of enabling her to pay a portion of the purchase price of a condominium. The check had the word "loan" written upon it. No terms of the loan agreement appeared on the check nor is there any evidence in the record showing the execution of a written loan agreement.

During July 1974 the deceased became terminally ill and Mr. Todd, executor of the estate and Thomson's son-in-law, came with his wife to live with Thomson until his death in October 1974. In August 1974 Thomson executed "Codicil E," which states that the $30,000 advanced to Sumaruk was a loan and which purports to set out the terms of the loan agreement. Defendant argues that this codicil was prepared under the undue influence of Todd, who, according to defendant, became very angry with Thomson before his death upon discovering the record of the $30,000 check payable to her in Thomson's books.

Defendant in fact used the $30,000 to pay a portion of the purchase price of a condominium. Prior to Thomson's death, defendant made five $250 monthly payments to him, which she claims are pursuant to her understanding from Thomson that she could pay him back something if she desired.

Plaintiff's motion for summary judgment alleged that the $30,000 advanced to defendant Sumaruk was a loan. Attached to the motion was a copy of the $30,000 check in question, a copy of "Codicil E," various admissions by defendant in response to interrogatories submitted to her, and an affidavit of Mr. Todd attesting to the "loan" status of the $30,000 check. Defendant's answer to the motion was supported by affidavits from Walentina Sumaruk and Marianne Gassner, another nurse in the employ of Mr. Thomson, which affidavits attested to the "gift" status of the $30,000 check. Further affidavits supporting defendant's answer were from Father Guy Usher, who attested to Thomson's propensity for giving, and from Franz Gassner, Marianne Gassner's husband.

It has been well-established that the question on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). The burden of proof on the motion for summary judgment is on the movant, and all doubts as to the existence of a genuine issue of a material fact are resolved against him. *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176 (Tex.1972).

As previously noted, the record does not show the existence of any signed, written loan agreement containing any specified terms. Before the word "loan" appearing on the check in question can be given conclusive effect, it must be shown that the notation was intended to constitute a part of the parties' contract and that it was stated in such a manner that the endorser was bound to understand the legal effect of his acceptance. *Coastal Plains Development v. Tech-Con Corp.*, 531 S.W.2d 143 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). Similarly, while the provision in "Codicil E" concerning the terms of the alleged loan agreement may be some evidence of testator's intent at the time of the delivery of the $30,000 check, the language used in the codicil cannot be given conclusive effect. A codicil, as a will, speaks only from the date of testator's

death, and therefore its provisions cannot be conclusively applied to some former event in time. *Willis v. Snodgrass*, 302 S.W.2d 706 (Tex.Civ.App.—Texarkana 1957, writ ref'd).

■ The three elements necessary to establish the existence of an outright gift are delivery, acceptance, and intent to make a gift. 27 Tex.Jur.2d "Gifts" sec. 6 at 151. The defendant takes the position that her reply affidavits are sufficient to show there was a genuine issue of fact as to deceased's intent, namely, that he intended to make either an outright gift or a loan to be extinguished upon his death.

Defendant relies on the affidavit of Marianne Gassner, another nurse to Mr. Thomson prior to his death, in which she states:

"In the Spring of 1974 I heard Mr. Thomson say, 'he was so happy that he could give her the money to get the house.' I understood from him that so long as he lived she was to repay him something, but it was to be considered a gift in the event of his death."

■ Although the second sentence beginning with "I understood from him" raises the issue of deceased's intent to make a loan extinguishable upon death, this statement cannot be considered, because declarations consisting of mere conclusions of fact, without sufficient supporting evidence, are insufficient to raise a genuine issue of fact. *Jones v. United States Fire Ins. Co.*, 420 S.W.2d 160 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); *Leach v. Cassity's Estate*, 279 S.W.2d 630 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n. r. e.).

However, we think the other statement wherein she testified "I heard Mr. Thomson say 'he was so happy that he could give her the money to get the house' " is sufficient to raise a genuine issue of material fact as to the true intent of the deceased in turning over the funds to the defendant. In its usual context the word "give" means "to bestow without a return." Webster's New Collegiate Dictionary (1959). Consequently, we believe that this declaration in Marianne Gassner's affidavit, coupled with the affidavit of Father Usher attesting to Mr. Thom-

son's generous nature, is some indication that Mr. Thomson at that time may have intended to make an outright gift of the $30,000 and not a loan as contended by the executor.

■ There is no question that the foregoing statement is admissible as a declaration against plaintiff's interest. *Lord v. New York Life Ins. Co.*, 95 Tex. 216, 66 S.W. 290 (1902); *Carter v. Carter*, 391 S.W.2d 546 (Tex.Civ.App.—Dallas 1965, no writ). Furthermore, it has been held that statements such as this one are admissible over hearsay objections to help solve an ambiguity as to intent to make an alleged gift. *Kemp v. Metropolitan Life Ins. Co.*, 205 F.2d 857 (5th Cir. 1953).

■ Accordingly, we sustain defendant's second point of error and hold that plaintiff's summary judgment proof failed to establish as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. It follows that the summary judgment in favor of plaintiff was improvidently granted.

In view of our decision to reverse and remand for a trial on the merits, we need not reach appellant's third point of error.

Before concluding, one other aspect of the case must be mentioned. The record reveals that at the time the court entered the summary judgment in favor of the plaintiff, the defendant had on file a cross-action seeking to recover from the executor the sum of $3,000 which she alleged was bequeathed to her under the terms of "Codicil E" of Thomson's will. All parties initially overlooked the fact that the counterclaim had not been disposed of. When it was discovered that the cross-action had not been disposed of and that the summary judgment in favor of the plaintiff was therefore interlocutory, plaintiff filed a motion for summary judgment on the cross-action.

After a hearing the trial court granted the plaintiff's second motion for summary judgment. A second summary judgment

was then entered reaffirming the first interlocutory judgment and denying the defendant any relief on her cross-action.

Defendant has no point of error and makes no complaint on this appeal with regard to that part of the judgment denying her a recovery on her counterclaim. The cause of action asserted by her in her counterclaim has therefore been abandoned. *Bickler v. Bickler*, 403 S.W.2d 354 (Tex. 1966); *Texas Company v. State*, 154 Tex. 494, 281 S.W.2d 83 (1955). Accordingly, this phase of the judgment is affirmed.

The judgment of the trial court is reversed and remanded in part and affirmed in part.