**Rupert BELL, Appellant,**

v.

**Herbert Harold HINKLE, Appellee.**

**No. 1761.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 8, 1978.

Rehearing Denied Feb. 28, 1978.

Sam J. Lee, Angleton, Eugene Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellant.

Richard L. McElya, Angleton, Joyce Cox, Cox, Pakenham & Roady, Houston, for appellee.

CIRE, Justice.

Rupert Bell appeals from an order of the district court dismissing his suit on a plea to the jurisdiction.

Appellant filed his original petition pleading a trespass to try title action against H. H. Hinkle. He claimed that on or about March 1, 1976 he was lawfully seized and possessed of an undivided one-half interest in lands and premises described in an exhibit attached to the petition and on that date the defendant unlawfully entered upon said premises and ejected him therefrom. Appellant later amended his petition to plead not only for recovery of title to and possession of an undivided one-half interest in the real property, but also partition of the real and personal property, an accounting, and, as an alternative, a right to the property as an heir at law of James Thomas Hinkle, whom he alleged had died intestate with no administration having been opened on the estate and the time for opening having expired.

Appellee filed a "Plea to the Jurisdiction and Motion to Dismiss" in which he stated that all the properties in controversy constituted the total assets of the estate of James Thomas Hinkle; that he was the natural son and sole heir of James Thomas Hinkle and that appellant was claiming and alleging himself to be a son and rightful heir-at-law of James Thomas Hinkle; and that appellant's suit was "in fact and in law, an action to determine heirship" over which the district court had no jurisdiction. The

trial court held that it was without jurisdiction and entered the order of dismissal.

Bell appeals from this dismissal, asserting a single point of error, claiming that the district court erred in dismissing the cause since it did have jurisdiction to try and to determine this suit.

 Appellee contends that appellant's case is based solely on his claim that he is a natural son and heir of James Thomas Hinkle; that this is a dispute as to heirship status between competing claimants and that in counties such as Brazoria County by virtue of the Probate Code, Section 48, the statutory county court at law has exclusive jurisdiction. Suits to determine heirship are under the exclusive jurisdiction of the probate court. *Trevino v. Lerma*, 486 S.W.2d 199 (Tex.Civ.App.—Beaumont 1972, no writ); Tex.Prob.Code Ann. § 48 (Supp. 1978). Trespass to try title actions, however, even by one claiming as an heir of an intestate when no administration is involved, are not traditional probate matters. Prior to the 1973 amendment to Article V, Section 8 of the Texas Constitution the district courts clearly had original jurisdiction over such cases. *See Blaylock v. Riser*, 163 Tex. 235, 354 S.W.2d 134 (1962); *Hein v. DeBusk*, 277 S.W. 1053 (Tex.Comm'n App.1925, opinion adopted); *Trevino v. Lerma*, 486 S.W.2d 199 (Tex.Civ.App.—Beaumont 1972, no writ); *Jones v. Jimmerson*, 302 S.W.2d 161 (Tex.Civ.App.—Texarkana 1957, writ ref'd n. r. e.); *see also Luke v. Ormond*, 517 S.W.2d 647 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Wells v. Gray*, 241 S.W.2d 183 (Tex.Civ.App.—San Antonio 1951, writ ref'd). The amended Article V Section 8 provided for original jurisdiction of the district court of suits for trial of title to land and also provided that it would concurrently with the county court have the general jurisdiction of a probate court, and that:

The legislature, however, shall have the power, by local or general law, Section 16 of Article V of this Constitution notwithstanding, to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters, and in case of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change.

Tex.Const. art. V § 8 (Supp.1978). The Legislature, in 1973 and 1975, modified Texas court jurisdiction in probate matters:

(c) In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in such courts and the constitutional county court, rather than in the district courts, unless otherwise provided by the legislature, and the judges of such courts may hear any of such matters sitting for the judge of any of such courts.

* * * * * *

(d) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills. . . .

Tex.Prob.Code Ann. § 5(c)–(d) (Supp.1978). Section 5 of the Probate Code increased the powers of the probate court so that it could more effectively settle decedents' estates in one proceeding. *Sumaruk v. Todd*, 560 S.W.2d 141 (Tex.Civ.App.—Tyler 1977, no writ history); *see* Schwartzel & Wilshusen, *Texas Probate Jurisdiction: New Patches for the Texas Probate Code*, 54 Tex.L.Rev. 372, 382–83 (1976). But this section does not affect the district court's jurisdiction where there is no administration pending and none is necessary. *See* M. Woodward & E. Smith, Texas Practice, *Probate and Decedents' Estates*, Ch. 1, § 10 at 16, and Ch. 2, § 23 at 20 (Supp.1975). Matters incident to an estate which give the statutory probate courts exclusive jurisdiction apply only to those matters in which the con-

trolling issues are the settlement, partition or distribution of an estate. *Sumaruk v. Todd, supra;* Schwartzel & Wilshusen, *supra* at 383; *see Cowgill v. White,* 543 S.W.2d 437 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Elliott v. Elliott,* 208 S.W.2d 709 (Tex.Civ.App.—Fort Worth 1948, writ ref'd); *Zamora v. Gonzalez,* 128 S.W.2d 166 (Tex.Civ.App.—San Antonio 1939, writ ref'd). Thus the district court's jurisdiction cannot be exercised so as to defeat the jurisdiction of the county court "to probate wills and grant letters testamentary to executors and to administer estates in accordance with the terms of a legal and valid will." *Buchner v. Wait,* 137 S.W. 383, 388 (Tex.Civ.App.—Galveston 1911, writ ref'd). Here the time for administration had long passed and none was pending.

The sole remaining question for us to decide is whether this is a trespass to try title suit or a suit to declare heirship.

It is a fundamental rule that in determining the jurisdiction of the trial court, the allegations of the petition made in good faith are determinative of the cause of action.

*Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 469 (1949) (see cases cited therein). Appellant's main pleading is clearly a trespass to try title action and there is no evidence that such allegations were not made in good faith. We therefore conclude that the trial court did have jurisdiction and erred in dismissing the case.

Reversed and remanded.