ESTATE of Richard ROSBOROUGH, Jr., Deceased.

Malinda Rosborough DANIELS, Appellant,

v.

Vivian Rosborough HINES, Appellee.

No. 8529.

Court of Civil Appeals of Texas, Texarkana.

May 9, 1978.

Rehearing Denied June 6, 1978.

Richard M. Anderson, Anderson & Anderson, Marshall, for appellant.

Roy C. Coffee, Jr., Coffee, Coffee & Chantilis, Dallas, for Vivian Rosborough Hines.

J. Ray Kirkpatrick, Marshall, for L. A. Moon.

ODEN, Justice.

Appellant, Malinda Rosborough Daniels, filed a claim in the amount of $28,800.00 for attorney's fees against the Estate of Richard Rosborough, Deceased.[1] The temporary administrator allowed the claim and applied to the County Court of Harrison County[2] for authorization to expend funds belonging to the Estate in payment. Appellee, Vivian Rosborough Hines, an interested party, filed an objection to the claim in accordance with Section 312(a)[3] of the Texas Probate Code[4] whereupon appellant moved under Section 5(b) (Supp.1978)[5] to transfer the contested matter to the District Court of Harrison County. The motion was overruled and, following a hearing, the County Court of Harrison County entered an order approving the claim in part and rejecting it in part. The controlling issue presented for our determination is whether the court erred in overruling the motion to transfer the matter to the District Court of Harrison County.

At the outset, we emphasize that this is not a case where the personal representative rejected the claim. A claimant's remedy under such a situation is set forth in Section 313 (Supp.1978).[6] The case on appeal involves a situation where the claim was allowed by the personal representative and objected to prior to approval or rejection by the court. Under such circumstances the court is to "hear proof and render judgment as in ordinary suits." Section 312(a).

Prior to the enactment of Section 5 the County Court of Harrison County did not have jurisdiction to hear the contest of claims such as the one under review because the amount in controversy, $28,800.00, exceeded its jurisdictional limit of $1,000.00. Tex.Const. art. V, § 16. The legislature has the power to increase the judicial limits of a county court, Tex.Const. art. V, § 22, and in our opinion did so in "all matters incident to an estate" by its enactment of Section 5.[7]

1. Appellant was the designated Executrix in a document purporting to be the last will of Richard Rosborough, Deceased. The document was not admitted to probate as the last will of Richard Rosborough, Deceased, and the claim was filed pursuant to Section 243 of the Texas Probate Code.

2. Harrison County did not have a statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court at all applicable times referred to herein.

3. "Any person interested in an estate or ward may, at any time before the court has acted upon a claim, appear and object in writing to the approval of the same, or any part thereof, and in such case the parties shall be entitled to process for witnesses, and the court shall hear proof and render judgment as in ordinary suits."

4. All statutory references are to the Probate Code unless otherwise indicated.

5. "In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such pro-

ceeding to the district court, which may then hear such proceeding as if originally filed in such court. In contested matters transferred to the district court in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court, and it shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition, and distribution of estates of deceased persons and to apprentice minors, as provided by law. Upon resolution of all pending contested matters, the probate proceeding shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court."

6. Our holding is not intended to be determinative on the question of whether a defendant in a suit brought under Section 313 in the County Court can transfer the proceedings under Section 5. This issue is not before the Court.

7. A claim against an estate is a "matters incident to an estate" under the express wording of Section 5.

The motivation behind the increase in the jurisdiction of the county court "in matters incident to an estate" was to increase the power of the court so that it could more fully and ably settle a decedent's estate in the one proceeding, *Sumaruk v. Todd,* 560 S.W.2d 141 (Tex.Civ.App. Tyler 1977, no writ), however, in those counties such as Harrison County where there was no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, the district court in such counties has concurrent jurisdiction with the county court in probate matters when the proceedings have been transferred in accordance with Section 5.

The portion of Section 5 under review is, " . . . in *contested probate matters,* the judge of the county court . . . *shall* on the motion *of any party to the proceeding* transfer such proceeding to the district court, . . .". (Emphasis added.) Appellee urges that a contested claim against an estate in a dependent administration is not a "contested probate matter" and a claimant, though interested in the estate, is not a "party to the proceedings." She concedes that the term "shall" as used in the quote above has mandatory effect.

■ A contested claim involving a decedent's estate is not traditionally regarded as a "probate matter", otherwise it would have been within the probate jurisdiction conferred upon county courts by the constitution. 17 M. Woodward and E. Smith, Probate and Decedent's Estates, Sec. 9 at 13 (Supp.1978). The legislature by its enactment of Section 5 has pronounced that claims by or against an estate are matters "incident to an estate" and by doing so has repealed the traditional concept of the term "probate matters." We hold that a "matter incident to an estate" is a "probate matter" and a party to a "contested probate matter" is a "party to the proceedings" as those terms are used in Section 5.

■ We agree with appellee that Section 312 outlines the exclusive procedure by which claimants can enforce their rights in dependent administrations, however, we overrule her contention that appellant waived her right to transfer the contest on the claim to the district court by litigating the will contest in the county court and filing the claim with the county clerk. It is elementary that waiver is a relinquishment of a known right. Under Section 5, the proceedings cannot be transferred to the district court until there is a contest and, of course, the claim cannot be contested until filed. The right to transfer does not arise at the time the claim is filed or presented to the representative, but rather when the objection is levied under Section 312(a) by any person interested in the estate. Appellant could not have waived her right to transfer while filing her claim with the clerk because at that time she did not know it would be contested and her right to transfer did not exist in the absence of a contest. Furthermore, Section 5 specifically states that in the event of a transfer the district court can hear the transferred proceedings as if originally filed therein.

■ The fact that the county court had previously determined the validity of a will in these proceedings in the absence of a motion to transfer will not defeat appellant's right to have the proceedings transferred upon the occurrence of a subsequent contest. Section 5 specifically provides that the district court shall transfer the proceedings to the county court upon resolution of all pending contested matters. The legislature contemplated the possibility of more than one transfer and appellant did not waive any subsequent right to a transfer of the proceedings by refraining from exercising her right to transfer the will contest proceedings to the district court.

The judgment of the trial court is reversed and the cause remanded with instructions that the probate proceedings be transferred to the District Court of Harrison County, Texas.