Walter W. WOLFORD, Administrator, Appellant,

v.

Walter W. WOLFORD, Individually, Appellee.

No. B2153.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1979.

Rehearing Denied Nov. 28, 1979.

David W. Lueders, James L. Barr, Law Office of David E. Lueders, Houston, for appellant.

Larry J. Doherty, Terry G. Collins, Doherty, Vela, Poser, Sears & Collins, Houston, for appellee.

Before COULSON, JUNELL and SALAZAR, JJ.

SALAZAR, Justice.

Walter W. Wolford, temporary administrator of the Estate of Charles Darrell McMullen and defendant below, appeals from a judgment rendered in Probate Court No. 3 of Harris County, Texas, and attacks along with other points of error the jurisdiction of the said court to try a personal injury lawsuit.

On or about October 8, 1975, Walter W. Wolford was driving a motor vehicle in Harris County, Texas, when he was allegedly struck in the rear by a vehicle driven by Charles D. McMullen. Charles D. McMullen subsequently died on or about April 17, 1976, from causes independent of the accident at issue here.

The plaintiff, Walter W. Wolford, had himself appointed temporary administrator of the Estate of Charles D. McMullen on January 4, 1977. Said appointment was for the sole purpose of accepting service of citation. The application for the appointment of a temporary administrator for the purpose of service of citation recites that a policy of liability insurance protected any and all claims for personal injuries and property damage arising out of the negligence of Charles D. McMullen, the insured, in his operation of a motor vehicle; that the applicant, Walter W. Wolford, as a creditor of the estate, was entitled to be appointed as temporary administrator; and that Walter W. Wolford had a cause of action against the estate.

Walter W. Wolford, individually, then filed suit for personal injuries and property damage and applied to the probate court for acceptance of service of citation. Wal-

ter W. Wolford, as temporary administrator, was served on March 29, 1977. Plaintiff's original petition sued for damages in the amount of $10,000.00. A jury trial in probate court was held; and in response to special issues Walter W. Wolford, individually, was awarded $2,156.00.

Walter W. Wolford, as temporary administrator, filed a plea to the jurisdiction of the probate court which was overruled. For the reasons that follow, we reverse the court below for lack of subject matter jurisdiction.

Tex.Prob.Code Ann. § 5(d) (Vernon Supp. 1978–79):

All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills. . . .

It is apparent that the legislature intended to broaden and extend the jurisdiction of the probate court to permit such court to wholly and completely resolve all matters in one forum. *Estate of Rosborough v. Daniels*, 567 S.W.2d 823 (Tex.Civ.App.-Texarkana 1978, no writ); *Potter v. Potter*, 545 S.W.2d 43 (Tex.Civ.App.-Houston [1st Dist.] 1976, writ ref'd n.r.e.).

■ Tex.Prob.Code Ann. § 5(d) (Vernon Supp.1978–79) providing that all courts exercising the original probate jurisdiction shall have the power to hear "all matters incident to an estate" applies only to those matters in which the controlling issue is the settlement, partition or distribution of an estate and means that the statutory probate court has exclusive jurisdiction only in those instances where a probate proceeding, such as an administration of an estate, is pending in the court at the time suit is filed. *Bell v. Hinkle*, 562 S.W.2d 35 (Tex.Civ.App.-Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Sumaruk v. Todd*, 560 S.W.2d 141 (Tex.Civ. App.-Tyler 1977, no writ). This court then must first consider whether in fact there was such an administration of the decedent's estate on file and pending and whether such proceeding dealt with the controlling issues of settlement, partition and distribution of the decedent's estate.

In a temporary administration of an estate of a decedent, a temporary administrator is appointed by the court, who sets about pursuant to the powers granted to marshall the assets and property of a decedent and to prepare an accounting. In the case before us, no such action was taken by the temporary administrator nor indeed was the temporary administrator empowered to take any further action other than the mere acceptance of service of citation.

The only matter "pending" in the probate court with respect to the estate of Charles D. McMullen was "An Application for the Appointment of a Temporary Administrator *For The Purpose Of Service Of Citation*" (Emphasis ours). Furthermore, the probate court appointed such person to "accept service of citation for this estate" and limited the action to be taken by the temporary administrator to the mere acceptance of service of citation for the estate. The fact that the temporary administrator filed an application to file his petition as a claimant, while it may pose a conflict of interest, did not in our view, expand or enlarge the limited purpose for which the temporary administration was sought and granted.

The facts in this case before us do not demonstrate one where an estate of a decedent was pending at the time the suit was filed, nor was the controlling issue of such case the settlement, partition or distribution of an estate. We accordingly hold the probate court was without jurisdiction to proceed with the personal injury lawsuit.

It is apparent that appellee would seem to be faced with a problem regarding the statute of limitations of his cause of action against the decedent's estate. In that regard, we respectfully point out the provisions of Tex.Rev.Civ.Stat.Ann. art. 5539a (Vernon 1958).

## ON MOTION FOR REHEARING

■ On rehearing, we hold that our original opinion in this appeal does not prohibit

the appointment of a creditor or other interested party as temporary administrator of an estate of a decedent. The practical utility of such an appointment, we recognize, is of utmost importance where no other interested party comes forth to marshall the assets and make attempts to satisfy the debts, if any, of an estate.

In the instant case, the appointment of the creditor as temporary administrator for the purpose of acceptance of service of citation was the vehicle by which the same party in his capacity as creditor sought to extend the jurisdiction of the probate court to try a personal injury lawsuit. We accordingly hold that the probate court had no jurisdiction in this case.