**Starling THOMAS et al., Appellants,**

**v.**

**Josephine TOLLON et al., Appellees.**

**No. B2443.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 3, 1980.

Rehearing Denied Jan. 7, 1981.

Luke W. Able, Houston, for appellants.

Hall W. Griggs, West Columbia, Richard L. McElya, Angleton, for appellees.

Before COULSON, MILLER and SALAZAR, JJ.

MILLER, Justice.

This is a suit involving a probate matter. Appellants filed their petition below in the district court and requested various relief including a determination of heirship, removal of the independent executrix for various acts of mismanagement and fraud, as well as an accounting, a constructive trust, and the appointment of a receiver. Appellees filed a plea to the court's jurisdiction and a motion to dismiss, and after hearing the arguments of both parties the trial court, finding itself to be without jurisdiction, dismissed appellants' cause. We affirm.

Virginia Harvey died testate on January 18, 1962. Her will was filed for probate on March 22, 1962 in the constitutional county court of Brazoria County, Texas. The administration of the estate of Virginia Harvey in said cause is still open and pending, and no distributions were ever made to the heirs.

By will, Virginia Harvey left her entire estate, equally, to three named individuals. One of the three predeceased Virginia Harvey, which resulted in one third of her estate lapsing and going to her heirs-at-law. Appellants, by their original petition, asserted that they were *among* the heirs-at-law entitled to receive the one third lapsed portion of Virginia Harvey's estate, and part of the relief requested in the court below was a division of the estate and a partition of its property to those lawfully entitled to it. It is clear that before this may be done a determination of Virginia Harvey's heirs-at-law at the time she died must be made. This determination of heirship is necessary, we feel, before any of the other relief requested by appellants below can be granted. Indeed, when appellants filed their supplemental petition, adding additional parties, they made it clear that they were also interested in determining the heirship of Virginia Harvey. In the petition appellants stated "these plaintiffs as an incident to the other relief herein sought, seek a *determination of heirship* of Virginia Harvey, deceased."

Exclusive original jurisdiction to determine heirship is conferred upon the county court sitting in probate, and the district court has no such original jurisdiction. *Trevino v. Lerma*, 486 S.W.2d 199 (Tex.Civ.App.—Beaumont 1972, no writ); *Bell v. Hinkle*, 562 S.W.2d 35 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). We hold that appellants' suit below was in fact and in law an action to determine heirship over which the district court had no jurisdiction, and that therefore the trial court properly dismissed the suit for want of jurisdiction.

Even if it were decided that appellants' suit below was not a suit to determine heirship, our result would not be different. Texas Probate Code section 5(d) provides in part "All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate." The constitutional county court of Brazoria County properly exercised original probate jurisdiction when Virginia Harvey's will

was originally probated in 1962. The administration of Virginia Harvey's estate before said court is still open and pending. It has been held in several cases that the phrase "matters incident to an estate" applies to those matters in which the controlling issue is the settlement, partition, or distribution of an estate. *Sumaruk v. Todd,* 560 S.W.2d 141 (Tex.Civ.App.—Tyler 1977, no writ); *Wolford v. Wolford,* 590 S.W.2d 769 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). We find that the appellants' cause of action falls within the term "matters incident to the estate" and that under Texas Probate Code section 5(d) the court which exercised original probate jurisdiction in the matter has exclusive jurisdiction to hear all incident claims. In the case at bar the county court in Brazoria County originally exercised probate jurisdiction over the estate of Virginia Harvey and therefore is the proper court for this cause of action.

For the above cited reasons the judgment below is affirmed and all of appellants' points of error having been considered they are hereby overruled.