**Willie Rhoneta SEAY, Administratrix of the Estate of Jack Lewis Seay, Deceased, Appellant,**

v.

**William K. HALL, William K. Hall & Associates, William K. Hall & Company, Charles R. Freeburg, Charles R. Freeburg & Associates, Henry C. Beck Co., Travelers Indemnity Company, Gaston Episcopal Hospital, Appellees,**

v.

**HOUSTON GENERAL INSURANCE COMPANY, Intervenor.**

No. 05–82–00574–CV.

Court of Appeals of Texas, Dallas.

Sept. 30, 1983.

Rehearing Denied Nov. 1, 1983.

Morton A. Rudberg, Dallas, for appellant.

Timothy R. McCormick, Carl Abramson, Robert M. Greenberg, William N. Hamilton, John D. Griggs, Dallas, for appellees.

Before AKIN, WHITHAM and SHUM-PERT, JJ.

AKIN, Justice.

The appellee's motion for rehearing is granted, our former opinion is withdrawn, and the following is now our opinion.

This is an appeal from an order of dismissal for want of jurisdiction rendered by a statutory probate court. Willie Rhoneta Seay, in her capacity as administratrix of the estate of Jack Lewis Seay, deceased, brought a wrongful death action pursuant to TEX.REV.CIV.STAT.ANN. arts. 4671–4678 (Vernon Supp.1982–1983) and a personal injury action pursuant to TEX.REV. CIV.STAT.ANN. art. 5525 (Vernon 1970), alleging that the negligence of appellees resulted in an injury to the decedent that eventually caused his death. The trial judge of Probate Court No. 2 of Dallas County, Texas, after a hearing, granted appellees' motions to dismiss both of Seay's causes of action for want of jurisdiction.[1] Seay contends that sections 5 and 5A of the Texas Probate Code provide for jurisdiction in the probate court. We agree with Seay that the probate court had jurisdiction of the survival cause of action, but we do not agree that it had jurisdiction of the wrongful death cause of action. Accordingly, we reverse in part and affirm in part.

We address first Seay's argument that the probate court had jurisdiction of the survival cause of action because that cause of action was an asset of the estate, thus a matter incident to the estate. Probate Court No. 2 of Dallas County[2] is a statutory probate court as that term is defined in section 3(ii) of the Texas Probate Code. That section provides:

---

1. The record reveals that an administration of decedent's estate is pending in Probate Court No. 2 in Cause No. 79–3746–P/2. Suit was filed in the District Court on September 4, 1981. An identical suit was filed in probate court on September 9, 1981.

2. TEX.REV.CIV.STAT.ANN. art. 1970–31b (Vernon Supp.1982–1983).

(ii) "Statutory probate court" refers to any statutory court presently in existence or created after the passage of this Act, the jurisdiction of which is limited by statute to the general jurisdiction of a probate court, and such courts whose statutorily designated name contains the word "probate." County courts at law exercising probate jurisdiction are not statutory probate courts under this Code unless their statutorily designated name includes the word "probate."

As a court exercising original probate jurisdiction, Dallas County Probate Court No. 2 has the jurisdiction to hear all matters incident to an estate. TEX.PROB.CODE ANN. 5(d) (Vernon 1980). In order to determine whether the trial court erred in dismissing Seay's survival cause of action for want of jurisdiction, we must first determine whether this cause of action is incident to the estate. Section 5A(b), added in 1979, defines the phrase "incident to an estate" as follows:

[T]he phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, *all claims by or against an estate*, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons. *All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any guardianship, heirship proceeding, or decedent's estate*, including estates administered by an independent executor. [emphasis added]

Seay relies on the language "all claims by or against an estate" to support her argument that the probate court had jurisdiction

of the survival cause of action. Appellees argue, however, that section 5A was not intended to create a court of general jurisdiction, but rather was intended to grant the probate courts sufficient latitude to resolve matters necessary for the *settlement, partition, and distribution* of an estate. They assert that not every claim by or against an estate falls into the category of "incident to the estate." To support this argument, appellees point to cases concerning the question of what is "incident to an estate" where there is an *existing estate asset*, as distinguished from an unliquidated claim. They contend that the claim asserted in the present case is not a dispute over who owns an asset, but a dispute over whether an asset will ever exist. We cannot agree.

■ A decedent's estate consists of real and personal property. TEX.PROB. CODE 3(*l*) (Vernon 1980). Personal property is further defined as including "interests in goods, money [and] *choses in action* . . . ." TEX.PROB.CODE 3(z) (Vernon 1980). A cause of action for personal injuries survives the death of the injured party and may be asserted by the heirs or administrator *on behalf of the estate. Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665 (Tex.1981); *Mitchell v. Akers*, 401 S.W.2d 907 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.). Accordingly, we hold that the cause of action is an asset of the estate.

Our holding is supported by prior authority. In *English v. Cobb*, 593 S.W.2d 674 (Tex.1979), the executor of the estate sued the decedent's sister alleging conversion of the proceeds of a savings account. That court held that the county court at law had jurisdiction over the suit under its general probate powers. In holding the matter to be incident to the estate, the court stated that "[t]he first issue that must be decided in resolving this dispute is the *nature and extent of [the decedent's] right to this savings account*. . . . Furthermore, the outcome of this suit will have a direct bearing on the assimilation, collection and distribution of [the] estate." *Id.* at 676 (emphasis in original). In *Rosemont Enterprises, Inc.*

*v. Lummis,* 596 S.W.2d 916 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), the Court of Civil Appeals held that the probate court had jurisdiction of a suit on a note. The appellant there argued that provisions of the probate code[3] did not apply to property that had not been determined to belong to the estate. The court reasoned that the decedent had acquired a claim against the corporation and that the claim was property of the estate. That court reasoned that any suit brought on the claim, even though the underlying purpose was to determine whether the money was owed to the estate, was a matter incident to the estate.

Likewise, the estate here has a claim, the exact nature and the extent of which has not yet been determined. Even though it is an unliquidated claim, the cause of action is an asset of the estate as defined by the probate code. The supreme court in *Lucik v. Taylor,* 596 S.W.2d 514 (Tex.1980), a case concerning the power of a probate court to issue writs of injunction, recognized that it was necessary that assets be protected and preserved *until their status could be determined.* Similarly, in our case, the cause of action is an asset of the estate, and the probate court has jurisdiction to determine the status of that asset, as meritorious *vel non,* as a matter incident to the estate.

Our holding that Seay's survival cause of action is a matter incident to the estate is neither in conflict with *McPherson v. Judge,* 592 S.W.2d 406 (Tex.Civ.App.—Amarillo 1979, no writ), nor *Wolford v. Wolford,* 590 S.W.2d 769 (Tex.Civ.App.—Houston [14 Dist.] 1979, writ ref'd n.r.e.), as appellees assert. Although both of those cases concern personal injury actions, each was a suit *against* estates and each was decided under probate code provisions existing before the 1979 amendments. *McPherson* held that the district court, rather than the constitutional county court, had original jurisdiction of the case. That court recognized, however, that the suit was, "in a

strict sense, a claim against the estate," and considered the possibility that the county court had concurrent jurisdiction. Nevertheless, that court interpreted the applicable code provisions[4] as in no way depriving the district court of jurisdiction over the matter, nor requiring that the claim be heard in the county court. In *Wolford,* the court held that the probate court did not have jurisdiction to try a personal injury suit. There Wolford filed an application to be appointed temporary administrator for the sole purpose of accepting service of citation. He then filed suit against the estate as a plaintiff. The Court of Civil Appeals reasoned that the statutory probate court has exclusive jurisdiction only in those instances where a probate proceeding, such as an administration of an estate, is pending in the court when suit is filed, and that matters incident to an estate include only those matters in which the controlling issue is the settlement, partition, or distribution of an estate. 590 S.W.2d at 771. We do not read this decision as holding that a claim against an estate for personal injuries is not a matter incident to the estate; instead, that court concluded that since the only matter "pending" in the probate court was the application of Wolford to be appointed temporary administrator for the sole purpose of accepting service of citation, there was no estate to be settled, partitioned, or distributed.

On motion for rehearing, appellees argue that section 5A(b) is unconstitutional because it violates the Texas Constitution, art. V, § 8 (Vernon Supp.1982–83), in that it diminishes the district court's jurisdiction. We cannot agree that section 5A(b) violates section 8 of Article V of the Constitution. Article V, § 8, states in pertinent part:

> The district court, concurrently with the county court, shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos

---

3. TEX.PROB.CODE 5(d) (Vernon Supp.1978–79) (amended 1979).

4. TEX.PROB.CODE 5(d) (Vernon Supp.1978–79) (amended 1979); TEX.PROB.CODE 5(b) (Vernon 1980).

mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law. In any proceeding involving the general jurisdiction of a probate court, including such specified proceedings, the district court shall also have all other jurisdiction converred upon the district court by law. *The legislature, however, shall have the power, by local or general law, Sectin 16 of Article V of this Constitution notwithstanding, to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change. The legislature shall have power to adopt rules governing the filing, distribution and transfer of all such cases and proceedings as between district courts, county courts, and other courts having jurisdiction thereof, and may provide that all appeals in such matters shall be to the courts of (civil) appeals.* [Emphasis added.]

The emphasized language expressly granted to the legislature the power to diminish the jurisdiction of either the district court or the probate court with respect to probate matters. The legislature exercised this grant of authority by enacting section 5A(b) of the Probate Code, which states:

[i]n situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, *any cause of action* appertaining to estates or incident to an estate *shall be brought in a statutory probate court* rather than in the district court. [Emphasis added]

Thus, where an administration is pending, any matter which is incident to the estate shall be brought in the statutory probate court and cannot be brought in the district court. *Boman v. Howell,* 618 S.W.2d 913 (Tex.Civ.App.—Fort Worth 1981, no writ). Because Probate Court No. 2 of Dallas County had probate jurisdiction in opening the administration of the decedent's estate, it now has jurisdiction to hear all incident claims. *Thomas v. Tollon,* 609 S.W.2d 859 (Tex.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

■ We turn now to whether Seay's action, in her personal capacity, for the wrongful death of her husband is a matter incident to an estate and thus a matter over which the probate court had jurisdiction. We hold that it is not. Consequently, since this action was not incident to an estate, the probate court had no jurisdiction. The wrongful death action brought pursuant to TEX.REV.CIV.STAT.ANN. art. 4671 (Vernon 1969 & Supp.1982–1983) is a cause of action separate and distinct from a survival cause of action, *Landers v. B.F. Goodrich Co.,* 369 S.W.2d 33 (Tex.1963), although both arise from the same transaction. Clearly, Seay's personal wrongful death suit is not an asset of the estate. Neither is it a claim specifically mentioned in section 5 or 5A, nor is it a suit to determine the nature, extent or status of property that is a potential asset of the decedent's estate. *In re McCoy,* 373 F.Supp. 870 (W.D.Tex.1974); *cf. Go International, Inc. v. Lewis,* 601 S.W.2d 495 (Tex.Civ.App.—El Paso 1980, no writ) (Surviving spouses, children, and parents have a cause of action for a decedent's wrongful death because they are beneficiaries listed in the Texas death statute and this cause of action is not inherited from the decedent.) We conclude that a wrongful death action belongs to the statutory beneficiaries, who may, or may not, be heirs or devisees of the decedent. *Landers,* 369 S.W.2d at 35.

■ Nevertheless, Seay argues that, if we should hold that the wrongful death cause of action may not be maintained in the probate court, then it will be necessary to try the same lawsuit twice. She contends that rules 40 and 51 of the Texas Rules of Civil Procedure would allow joinder of the causes since they arose from the

same transaction. We do not agree. Our rules concerning joinder of claims and parties are permissive rather than mandatory. Although we are sensitive to the needs for judicial economy and efficiency, we cannot increase the jurisdiction of the probate court so that it includes a matter not incident to the estate merely because it arises from a set of circumstances that also gives rise to a cause of action that is a matter incident to the estate. Furthermore, a final judgment in either cause of action is not necessarily a bar to a subsequent suit on the other action. *Landers,* 369 S.W.2d at 35.

Accordingly, we reverse that part of the probate judge's order dismissing the survival cause of action for want of jurisdiction and remand that cause to the probate court for proceedings consistent with this opinion. With respect to that part of the order dismissing the wrongful death action, we affirm. Costs are taxed one-half against appellant, Seay, and one-half against appellees.