**JEFFERSON COUNTY DRAINAGE DIS-TRICT NO. 6, Jefferson County, Texas, Relators,**

v.

**Honorable Gordon D. GARY, District Judge, et al., Respondents.**

No. A–9245.

Supreme Court of Texas.

Nov. 14, 1962.

Rehearing Denied Dec. 19, 1962.

J. B. Morris, Kenneth Hynes, W. G. Walley, Jr., Beaumont, for relators.

Marcus & Weller, Keith, Mehaffy, Mc-Nicholas & Weber, Beaumont, for respondents.

NORVELL, Justice.

On August 29, 1962 Jefferson County Drainage District No. 6, Jefferson County, Texas, instituted proceedings for the condemnation of an easement over certain lands situated within the boundaries of the district. Articles 3264 et seq., Vernon's Ann. Tex.Civ.Stats. The special commissioners made their award and in order to secure possession of the easement sought to be condemned, the Drainage District deposited the amount of such award to the credit of the condemnees with the County Clerk of Jefferson County. Article 3268. This deposit was made on September 20, 1962 and shortly thereafter on September 25th, George A. Weller, H. L. Daugherty, Trustee, Patricia Eloise Pinchback Crosby and

her husband, Jerry Crosby, instituted suit in the District Court of Jefferson County, Texas, 60th Judicial District, for an injunction restraining the Drainage District and its commissioners from taking possession of the property sought to be condemned. Weller and Daugherty, Trustee, asserted that they owned an interest in portions of the lands over which the District sought to condemn an easement and that they had not been made parties to the condemnation proceedings. (Patricia Eloise Pinchback Crosby and her husband were parties to the condemnation proceedings and asserted in the District Court an ownership interest in the lands here involved). This suit was docketed as No. B–79,733, Weller et al. v. Norwood et al.

The Drainage District answered and while refusing to admit that the plaintiffs Weller et al. owned any interest in the lands involved, prayed that should it be found that such parties did have interests in such lands, that the same be condemned so as to validate the District's asserted easement. The District then moved the Court to fix an amount of money to be deposited in the registry of the Court as security for the payment of such sums of money as might be assessed against the District because of the taking of plaintiffs' lands.

The Honorable Gordon D. Gary, Judge of said 60th District Court, overruled the District's motion and granted a temporary injunction restraining the Drainage District, its Commissioners and William K. Mason & Sons, Inc. (the District's construction contractor) from entering upon the premises involved.

The District, its Commissioners and construction contractor (the defendants in the District Court) then filed their application for mandamus in this Court naming as respondents the Honorable Gordon D. Gary, Judge of the 60th District Court, and the plaintiffs in the District Court suit. They prayed that said District Judge be commanded to enter an order fixing the amount of security that in the judgment of the Court should be deposited to insure the payment of damages that might be awarded to respondents as plaintiffs in the District Court.

In our opinion the relators' position is well taken.

Article 3269, as amended, reads as follows:

"When the State of Texas, or any county, incorporated city, or other political subdivision, having the right of eminent domain, or any person, corporation or association of persons, having such right, is a party, as plaintiff, defendant or intervenor, to any suit in a District Court, in this State, for property or for damages to property occupied by them or it for the purposes of which they or it have the right to exercise such power of eminent domain, or when a suit is brought for an injunction to prevent them or it from going upon such property or making use thereof for such purposes, the Court in which such suit is pending may determine the matters in dispute between the parties, including the condemnation of the property and assessment of damages therefor, upon petition of the plaintiff, cross-bill of the defendant or plea of intervention by the intervenor asking such remedy or relief; and such petition, cross-bill or plea of intervention asking such relief shall not be an admission of any adverse party's title to such property; and in such event the condemnee may assert his or its claim to such property and ask in the alternative to condemn the same if he or it fails to establish such claim; and provided that, if injunctive relief be sought, the Court may grant such relief under the Statutes and Rules of Equity, or may, as a prerequisite for denying such relief, require the party seeking condemnation to give such security as the Court may deem proper for the payment of any damages

that may be assessed on such party's pleading for condemnation."

This Court construed and applied this article in City of Houston v. Adams, 154 Tex. 448, 279 S.W.2d 308 wherein the facts were similar to the case now before us. Mrs. Adams filed suit in the District Court and alleged that the City of Houston and Gulf Bitulithic Company were constructing a drain and storm sewer which would discharge an undue amount of water across a four-acre tract of land owned by her. She sought an injunction to prevent the threatened action. The City filed an answer and a cross-action seeking an adjudication of the existence of natural drainageway for the flowage of surface waters across Mrs. Adams' property. The City also sought to condemn additional drainage rights across the property and moved to obtain immediate access to the property by depositing such security as the Court might require. As in the present case, the District Judge refused to fix the amount of security as requested by the City of Houston and left standing a temporary injunction theretofore issued against the City.

This Court held that the failure of the District Judge to comply with the directives contained in Article 3269 constituted an abuse of discretion and amounted to a violation of a clear duty enjoined by law. There being no adequate remedy by appeal, this Court directed that mandamus issue.

We can draw no valid distinction between the Adams case and the one now before us.

It is urged by respondents Weller et al. that the condemnation proceedings were irregular and void because of improper joinder of properties and parties and hence the District should be enjoined from taking possession of the disputed premises thereunder. This contention is largely immaterial to the issues of this case. The District here is seeking to obtain possession of or access to the property in dispute as against Weller et al. under the provisions of Article 3269 which is applicable to the District Court proceedings.

It is further urged that there is a defect in parties in the District Court suit in that all the owners of the lands sought to be subjected to this easement are not made parties to the suit. This would not render inapplicable the provisions of Article 3269 relating to the District's posting of security in order to obtain possession against those, such as Weller et al., who are parties to the suit.

The facts of this case bring it within the terms of the statute. The condemning authority is entitled to demand that the statute be followed and the fact that the Drainage District could start all over again by instituting new condemnation proceedings with the County Judge does not constitute "an adequate remedy at law" nor preclude the District from insisting upon its statutory rights.

■ The respondent District Judge has filed an answer here in which he expresses doubts as to the propriety of the Drainage District's proceeding in both the County Court and the District Court in connection with its obtaining the easements desired by it. This is a matter which may ultimately cause some concern to the Drainage District itself, but it is not the problem now before us. The respondents here as plaintiffs in the District Court have brought a suit for an injunction against a political subdivision of the State of Texas having the right of eminent domain to prevent it from going upon the property here involved. The Drainage District has asserted its right to condemn and requested that the District Judge proceed in accordance with the statute and set the amount of security to be deposited "for the payment of any damages that may be assessed" against the District. The District's request complies literally with the statute and it is the ministerial duty of the District Court to comply therewith. Neither that Court nor this Court is justified in writing exceptions into the statute so as to make it inapplicable under special factual

circumstances not mentioned in the statute. Brazos River Conservation and Reclamation District v. Costello, 135 Tex. 307, 143 S.W.2d 577, 130 A.L.R. 1220; Magee Heirs v. Slack, 152 Tex. 427, 258 S.W.2d 797; Coastal States Gas Producing Co. v. Miller, 160 Tex. 295, 329 S.W.2d 853.

In view of the District Judge's answer herein and his statement that he will immediately comply with the directions of this Court, the writ need not actually issue. However, in the event of a failure to proceed in accordance with this opinion, the writ of mandamus will issue in the form prescribed in City of Houston v. Adams, 154 Tex. 448, 279 S.W.2d 308.

The writ of mandamus prayed for is conditionally granted.