GULF STATE PIPE LINE COMPANY, INC., et al., Appellants,

v.

ORANGE COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1, Orange County, Texas, Appellee.

No. 7752.

Court of Civil Appeals of Texas, Beaumont.

Aug. 21, 1975.

Rehearing Denied Sept. 11, 1975.

Howell Cobb, Beaumont, for appellants.

Jim I. Graves, Orange, for appellee.

### KEITH, Justice.

Plaintiff below, a water control and improvement district created under and existing by virtue of the provisions of Chapter 51, Texas Water Code, obtained a temporary injunction which restrained Gulf State Pipe Line Company and its contractor engaged in constructing a pipeline from trespassing upon lands owned by the plaintiff. Defendant pipe line company is a corporation holding a valid permit, as a common carrier pipe line, to construct a pipeline in Orange County. It is not necessary for further reference to be made to the appellant contractor since its rights and liabilities are derivative of those of the primary defendant.

Plaintiff owns the surface rights to a ten-acre plot of ground upon which it proposes to erect a sewage disposal plant to serve the area.[1] Although engineering work had begun upon the plans for such improvements, no actual construction had begun at the time of the hearing.

Defendant, apparently inadvertently but without any lawful right, entered upon plaintiff's land and began the construction of its line. Upon application of plaintiff, the trial judge granted a temporary restraining order without notice and ordered a hearing upon the plaintiff's application for a temporary injunction pendente lite. Defendant answered this application and by cross-action, invoked the provisions of *Art. 3269, Tex.Rev.Civ.Stat.Ann.* (1968), by seeking to condemn the right of way necessary for the construction of its line. It prayed that the temporary injunction be denied, that the court set the amount of a deposit to be made by defendant into the registry of the court so that it could obtain possession of 0.127 acres in the easement which it sought to obtain across a corner of plaintiff's land. At the conclusion of the hearing, the trial court granted the temporary injunction sought by plaintiff restraining defendant and its contractor from entering upon plaintiff's land and denied defendant all relief under the cited statute. We have advanced the hearing on the appeal and now dissolve the temporary injunction for the reasons now to be stated.

Defendant's answer and cross-action was carefully tailored to comply with each of the provisions of *Art.* 3269. In the ordinary

---

1. Plaintiff's grantor reserved all of the minerals under the ten-acre tract in the conveyance to plaintiff including the right "of ingress and egress, for the purposes of prospecting, drilling, or mining for and storing, saving, and transporting such oil, gas, sulphur, and other minerals, including connecting lines to a pipeline or a gathering system."

case, where the condemning authority has followed the statute, "it is the ministerial duty of the District Court to comply therewith." *Jefferson County Drainage District No. 6 v. Gary*, 362 S.W.2d 305, 307 (Tex. 1962). Plaintiff, recognizing the *Gary Rule*, contends that its property is already devoted to public use and that the pipeline easement would "make the construction of a [sewage treatment] project practically impossible." Thus, it invoked the "paramount importance" rule first enunciated in *Sabine & E. T. Ry. Co. v. Gulf & I. Ry. Co.*, 92 Tex. 162, 46 S.W. 784 (1898).

This rule was succinctly stated by the Court in this manner:

> "[T]he law does not authorize the condemnation of property which has already been dedicated to a public use, when such condemnation would practically destroy the use to which it has been devoted. No express authority is given by our statutes to condemn such property, and the authority cannot be implied from the general power conferred by the law unless the necessity be so great as to make the new enterprise of paramount importance to the public, and it cannot be practically accomplished in any other way." (46 S.W. at 786)

The rule so enunciated was approved in the recent case of *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878, 882 (Tex.1973). For other cases discussing this rule, see *Ft. Worth Improvement Dist. No. 1 v. City of Ft. Worth*, 106 Tex. 148, 158 S.W. 164 (1913); *Central Power & Light Co. v. Willacy County*, 14 S.W.2d 102 (Tex.Civ.App.—San Antonio 1929, no writ); *Quanah, Acme & P. Ry. Co. v. Swearingen*, 4 S.W.2d 136 (Tex.Civ.App.— Amarillo 1927, writ ref'd). See also, R. Dau, "Problems in Condemnation of Property Devoted to Public Use," 44 *Texas L.Rev.* 1517, 1522 (1966).

Upon the hearing of the application for the temporary injunction, plaintiff labored under the burden of offering competent evidence to prove its probable right to prevail on the final hearing. *Millwrights Loc. Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683, 686 (Tex.1968). Since defendant was entitled to immediate entry upon plaintiff's lands upon compliance with an order issued under *Art.* 3269 [*Gary Case*, supra], plaintiff was required, *in this case*, to offer sufficient competent evidence upon such hearing to support a finding by the trial court that the laying of defendant's pipeline upon the easement over plaintiff's lands would practically destroy its intended public use thereof. *Sabine & East Texas Ry. Case*, supra. Only by offering such proof could plaintiff overcome the defendant's rights under the cited statute.

The only evidence plaintiff offered in connection with such plea was from the president of its board of directors, a layman. Over the objection that such testimony was hearsay, a promise by the court that the author of the statements would be available for cross-examination, and a stipulation by plaintiff's counsel if such author were not produced the testimony would be disregarded, the witness testified:

> "He [plaintiff's engineer] advised me that in his professional opinion, that we would not be able to build any facilities involving this treatment plant over this pipeline right-of-way, or the pipeline, itself."

The engineer quoted by the witness was not produced upon the hearing; and, the failure to produce him was no mere oversight.[2]

The only competent evidence on the subject, offered by the defendant from its engineer, was to the effect that defendant's pipeline buried to a depth of eight feet across a remote corner of plaintiff's land,

---

2. After plaintiff rested at the conclusion of the hearing, the Court asked plaintiff's counsel: "You are not going to call this engineer?" Counsel replied, inter alia, "[A]t this point I don't think I need him."

would not interfere with plaintiff's proposed use thereof.[3]

■ Hearsay evidence is not competent testimony and "can never form the basis of a finding of fact or of the judgment of a court; and this is so whether it be objected to or not." *Texas Co. v. Lee*, 138 Tex. 167, 157 S.W.2d 628, 631 (1941).

■ Thus, plaintiff did not establish facts showing its right to the temporary injunction under *Art.* 3269, as interpreted in *Gary*, supra. Since the trial court's order is not supported by any evidence of a substantial and probative character, it necessarily follows that it was an abuse of discretion to grant the temporary injunction. See *City of Houston v. Southwestern Bell Tel. Co.*, 263 S.W.2d 169, 171 (Tex.Civ.App.—Galveston 1953, writ ref'd).

Under the record which we review, it was his ministerial duty to fix the amount of the deposit to be made by the pipe line company as a condition precedent to its taking possession of the easement which it sought in the condemnation proceedings then pending in the District Court. Therefore, we reverse the judgment of the trial court, dissolve the temporary injunction heretofore granted, and remand the cause to the District Court for trial upon the merits under the instructions herein set out.

Upon remand, the trial court is instructed to fix the amount of the security to be deposited by defendant pipe line company in the registry of that court which is necessary to insure plaintiff adequate compensation for its property taken and its damages suffered, together with all other requirements as may be deemed proper by the court to protect the rights of both parties to this litigation. When the said defendant has made the deposit and has met all requirements of the law, and as contained in the court's order, Gulf State Pipe Line Company shall be allowed immediately to take possession of its rights in plaintiff's property, pending the final hearing of the cause on its merits. *City of Houston v. Adams*, 154 Tex. 448, 279 S.W.2d 308, 315 (1955).

The issues on the merits made by the pleadings of the parties are not before us in this proceeding, and this opinion shall not be construed as passing on them, except as specifically discussed herein. *Adams*, supra.

Reversed and remanded with instructions.

---

**3.** While the trial court was free to disbelieve this testimony offered by defendant, in the absence of any competent evidence to the contrary, he was not authorized to find that the opposite was true. Cf., *Safeway Stores, Inc. v. White*, 162 Tex. 473, 348 S.W.2d 162, 165 (1961).