**Willie Rhoneta SEAY, Petitioner,**

v.

**William K. HALL et al., Respondents.**

**No. C–2562.**

Supreme Court of Texas.

Oct. 3, 1984.

Carter, Jones, Magee, Rudberg and Mayes, Morton A. Rudberg and Charles M. Wilson, III, Dallas, for petitioner.

Thompson & Knight, Timothy R. McCormick and David M. Kendall, Vial, Hamilton, Koch, Tubb, Knox & Stradley, William N. Hamilton, Thompson, Coe, Cousins & Irons,

Russell W. Schell, Robert M. Greenberg, Dallas, for respondents.

KILGARLIN, Justice.

The issue in this case is whether statutory probate courts have jurisdiction over survival and wrongful death actions. Because of her husband's death from injuries received when a boiler safety valve released scalding water and steam onto him, Willia Rhoneta Seay sued the various respondents [1] in this case. Suit was initially brought in a Dallas County district court under the provisions of Tex.Rev.Civ.Stat. Ann. art. 4671 (wrongful death action) and Tex.Rev.Civ.Stat.Ann. art. 5525 (survival action). Five days after filing suit in that court, Mrs. Seay brought the same causes of action against the same defendants in the probate court of Dallas County.[2] The various defendants filed motions to dismiss in the probate court, claiming that court lacked jurisdiction over the two causes. Dismissal for want of jurisdiction was ordered. However, the court of appeals held that the probate court did have jurisdiction of the survival action, and reversed that part of the cause. It affirmed the probate court judgment that it had no jurisdiction over the wrongful death cause. 663 S.W.2d 468. We affirm that part of the appellate court's judgment that the probate court had no jurisdiction over the wrongful death action, and reverse that part of the judgment holding that the probate court did have jurisdiction over the survival cause of action. We affirm the dismissal order of the probate court.

The basis of Mrs. Seay's argument that the probate court has jurisdiction over both causes of action is found in Tex.Prob.Code Ann. §§ 3, 5, and 5A.

Section 5(d) provides that "[a]ll courts exercising original probate jurisdiction

1. William K. Hall, William K. Hall & Associates, William K. Hall and Company: engineers and consultants in the design and construction of the boiler and boiler room; Charles R. Freeburg, Charles R. Freeburg and Associates: architects and consultants in the design and construction of the boiler and boiler room; Henry C. Beck Company: general contractor in the construction of the boiler room; Travelers Indemnity Company: boiler inspector; and, Gaston Episcopal Hospital: Seay's employer.

2. Houston General Insurance Company subsequently intervened seeking recovery of compensation benefits paid Seay.

shall have the power to hear all matters incident to an estate." Section 5A(b) provides that "[i]n situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court." Further, section 5A(b) defines "appertaining to estates and incident to an estate" as including:

[T]he probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons.

Section 3(c) provides that " 'claims' include liabilities of a decedent which survive, including taxes, whether arising in contract or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration, estate inheritance taxes, liabilities against the estate of a minor or incompetent, and debts due such estates."

The pivotal issue is whether the statutory terms "appertaining to estates and incident to an estate," "all matters relating to the settlement ... of estates," and "claims" are broad enough to confer upon probate courts jurisdiction over survival or wrongful death actions. This is necessary because the probate code does not expressly name wrongful death or survival causes of action as being claims by an estate or claims appertaining to or incident to an estate. If the statutory language is sufficiently broad, then section 5A(b) makes plain that the statutory probate court will have dominant jurisdiction over the two causes of action.

Understanding the history of the current statutes is necessary in determining if the probate courts have jurisdiction. In 1973, Texas adopted an amendment to article V, section 8, of the Texas Constitution. That amendment empowered the legislature "to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters." It also provided for appeal of probate matters to the court of appeals. Part of the legislature's motivation in submitting the amendment for voter approval was the feeling of many members that probate judges possessed special expertise and were more qualified than district judges in handling estate matters. Hearings on H.B. 1398 Before the House Judiciary Comm., 63 Leg., 1973 (on tape). Moreover, considerable criticism of the "costly and time-consuming requirements of dual trials of the same matters in the county and district courts" led to the provision for direct appeal to the court of appeals instead of another trial in district court. 17 M. Woodward & E. Smith, *Probate and Decedents' Estates* § 119 (Texas Practice 1971). Anticipating voter approval of the constitutional amendment, the legislature also enacted an amendment to section 5 of the probate code. This amendment provided that in counties having statutory probate courts, "all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters" should be filed and heard in such courts. The 1973 Probate Code § 5 amendment further provided:

All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate and of all actions for trial of the right of property incident to an estate.

In 1975, Senate Bill 534, 64th Leg., was enacted, which added actions to construe wills to the probate court's section 5 jurisdiction. Although section 5 was again amended in 1977, that amendment was lim-

ited to the right of a surety called upon to perform in place of an administrator or guardian to sue an estate's personal representative.

Realizing that there was uncertainty among the bench and bar as to what were matters incident to probate, the Speaker of the Texas House, in 1977, charged the House Judiciary Committee to return to the 66th Legislature recommendations for changes in the probate code. That committee did report and made as its third recommendation that there be "clarification of the phrases 'appertaining to estates' and 'incident to an estate' in Probate Code Sections 4 and 5(d)." Interim Report, Tex. House Judiciary Comm.: Proposed Revision of the Texas Probate Code 13, 66th Leg. (1978). The committee report observed "the question of jurisdiction 'incident to probate' is still an unsettled one in the Texas legal community." *Id.* at 15. In making its recommendation the committee relied almost exclusively on two law review comments, written by the same authors, B. Schwartzel & D. Wilshusen. Comment, *Texas Probate Jurisdiction—There's a Will, Where's the Way*, 53 Texas L.Rev. 323 (1975) and Comment, *Texas Probate Jurisdiction: New Patches for the Texas Probate Code*, 54 Texas L.Rev. 372 (1976). These authors advocated that probate jurisdiction be limited to actions in which the principal issue concerns validation of the testator's will and the assimilation, management, and distribution of his property in accordance with his will. They further stated that issues not falling within this definition of probate jurisdiction should be determined independent of probate jurisdiction. 53 Texas L.Rev. at 336. This language was set out verbatim in the committee report. In their second law review comment, Schwartzel and Wilshusen stated that while the statutory list of probate court powers was increased, the general scope of probate jurisdiction had not changed. They also observed that matters incident to an estate had been held to be those in which the "controlling issue" was the settlement, partition, or distribution of an estate. 54 Texas L.Rev. at 383. This

observation, likewise, was incorporated in the judiciary committee interim report. Indeed, the "controlling issue" definition has long been approved by this court. *See Zamora v. Gonzalez*, 128 S.W.2d 166, 168 (Tex.Civ.App.—San Antonio 1939, writ ref'd).

Following the committee report, the legislature, in 1979, adopted H.B. 329, which struck part of the language of Texas Probate Code section 5(d) and created a new section 5A. In addition to the old section 5(d) provisions of (1) claims by or against an estate; (2) actions for trial of title to land incident to an estate; (3) enforcement of liens thereon incident to an estate; (4) all actions for trial of the right of property incident to an estate; and (5) actions to construe wills, new section 5A added to the probate court's original jurisdiction the following: (1) probate of wills, (2) issuance of letters testamentary and of administration, (3) determination of heirship, (4) the interpretation and administration of testamentary trusts and applying of constructive trusts, and (5) generally, all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons. The bill as it passed the House contained no authorization for constitutional county courts and statutory county courts at law to probate wills, issue letters testamentary and administration, determine heirship, or have jurisdiction of all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons. The Senate, however, added in committee an amendment, which ultimately became law, bestowing upon constitutional county courts and statutory county courts at law under section 5A(a) much' of the same authority given statutory probate courts in section 5A(b).

If there is any legislative intent to be gleaned from the 1979 proceedings as to what appertains to an estate, it would seemingly be that the legislature did not intend to expand probate court jurisdiction to matters other than those in which the controlling issue was the settlement, partition, or distribution of an estate. It is of

significance that the language "appertaining to estates" appeared previous to 1979 in only section 4, having to do with jurisdiction of county courts to hear probate matters. Previously, section 5 language granted authority to probate courts "to hear all matters incident to an estate ..." The Judiciary Committee recommended the "appertaining to estates" language be added to section 5. This recommendation comes directly from Schwartzel and Wilshusen, who urged the "appertaining to an estate" language so that the phrase would be construed "as limiting probate jurisdiction to the probate of the will, the issuance of letters testamentary, and the settlement, partition, and distribution of estate assets." 53 Texas L.Rev. at 358.

■ Further, in ascertaining legislative intent, one must look to the stated purpose of the committee report: "minimizing the possibility of overboard [sic] construction of the phrases 'appertaining to an estate' and 'incident to an estate'...." Interim Report at 15. The "appertaining to" and "incident to" language recommended and subsequently enacted was unquestionably designed to limit probate court jurisdiction to matters in which the *controlling issue* (emphasis added) was the settlement, partition, or distribution of an estate. Thus, we conclude that neither wrongful death nor survival actions are, or were intended to be, matters appertaining to or incident to estates.

Next, we consider whether Texas Prob. Code Ann. § 5A language "Claims by or Against an Estate" can be construed so as to confer probate court jurisdiction over survival and wrongful death causes. Texas Prob.Code Ann. § 3(c) defines "claims" in terms of certain enumerated liabilities of a decedent and debts due the estate. Obviously, the deceased's liabilities language would not confer jurisdiction. Therefore, we must determine if wrongful death or survival actions constitute debts due the estate. A debt is a "specified sum of money owing to one person from another, including not only [an] obligation of [a] debtor to pay but [the] right of [a] creditor to receive and enforce payment." Black's Law Dictionary 363 (5th ed.1979). In survival and wrongful death actions we have no specified sums of money owed, because the damages are for the most part unliquidated. Moreover, at this time no one is obligated to pay anything.

■ Further justification for holding that "claims" are limited to those of a liquidated nature can be found throughout the probate code. Tex.Prob.Code Ann. § 322 classifies and sets priorities for claims against a decedent's estate. Claims specified include funeral expenses, expenses of administration and other claims significantly different from the unliquidated expectancy contemplated by wrongful death and survival personal injury claims. Although section 322 only addresses claims against an estate, there is no reason to believe that the legislature intended one definition for "claims by an estate" and a different definition for "claims against an estate." A limited definition of the word "claims" is also suggested by the language in Tex.Prob.Code Ann. § 233 which addresses responsibilities for collecting claims and recovering property on behalf of the estate. Therefore, we conclude these two causes of action do not constitute a claim by an estate.

The third statutory term in the trinity upon which Ms. Seay relies is the section 5A(b) language "and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons." As noted, however, *Zamora v. Gonzalez* restricted these types of cases to those in which the controlling issue is the settlement, partition or distribution of an estate. More recently, when called upon to interpret similar language in a predecessor statute to section 5A, the court in *Wolford v. Wolford*, 590 S.W.2d 769, 771 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.), held that a probate court lacked jurisdiction to try a personal injury case. The appeals court said that while it was apparent that the legislature intended to broaden the jurisdiction of probate courts, the phrase " 'all

matters incident to an estate' applies only to those matters in which the controlling issue is the settlement, partition, or distribution of an estate ...." *Accord Bell v. Hinkle,* 562 S.W.2d 35 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.), *cert. denied,* 454 U.S. 826 (1981); *Sumaruk v. Todd,* 560 S.W.2d 141 (Tex.Civ.App.—Tyler 1977, no writ). We approve interpretations that allow a probate court to exercise jurisdiction only if the controlling issue of the case is the settlement, partition or distribution of an estate. It is hornbook law that neither in a survival cause of action nor a wrongful death cause of action are the controlling issues, even arguably the settlement, partition, or distribution of an estate.

The Senate amendment to H.B. 329 also reveals the legislative intent. By adding to the definition of "matters appertaining and incident to an estate" for constitutional county courts and statutory county courts at law the legislature conferred on those courts the same authority which Mrs. Seay says is the basis of probate court jurisdiction over her two causes of action. It cannot be argued seriously that the legislature intended to confer upon county courts at law dominant jurisdiction over wrongful death and survival causes of action. Yet, the same statutory language which serves as a basis of Mrs. Seay's argument, would support the other proposition equally well.

The Legislative Budget Board fiscal note to H.B. 329, supplying information as to financial implications for the state, is also important. The Legislative Budget Board, citing the probate clerk of Harris County as one of the sources for its information, stated, "the removal of the monetary limitation on trust funds handled by county courts would cause a shift in cases from district courts to county court." Significantly, there was no suggestion that probate courts would entertain wrongful death and survival causes of action.

In addition, we must look to the intent of the original constitutional amendment in 1973 and the legislation which has followed. That intent was to utilize the special expertise of statutory probate court judges in handling matters appertaining to an estate. Certainly the construing of wills, providing administrations and guardianships, and handling mental illness dockets all utilize that expertise. However, personal injury litigation is not within the special domain of a probate court.

Finally, in determining legislative intent, it must be noted that H.B. 329 added four specific types of action to the jurisdiction of probate courts. None of these were wrongful death or survival actions. If the legislature had concluded there was any ambiguity as to jurisdiction of these causes, then it is reasonable to assume these actions would have been added to the list of causes over which the probate court was given jurisdiction.

Two cases from this court are cited as authority that probate courts do have jurisdiction over these two causes of action. The first of these, *English v. Cobb,* 593 S.W.2d 674 (Tex.1979), held that a county court at law, handling probate matters, had jurisdiction to adjudicate an estate's rights to money in a savings account jointly in the name of the deceased and her sister. The holding states that the "determination of a decedent's right to probate assets necessarily falls within the scope of being an action 'incident to an estate'." We observe that our present case lacks any probate asset such as a savings account containing a fixed sum of money. The second case is *Lucik v. Taylor,* 596 S.W.2d 514 (Tex. 1980). There, an injunction which prohibited will contestants from changing the form or location of a decedent's assets was upheld as being incident to an estate. That case is also easily distinguishable for similar reasons. Moreover, we note that both these cases interpreted probate law prior to the 1979 amendment which was designed to prevent overbroad construction of probate court jurisdiction.

The legislature has thrice amended Probate Code § 5 since its original enactment. In none of the bill analyses, reports, recorded committee or floor debates, or law review articles has there been a hint that the

legislature intended probate court jurisdiction over survival or wrongful death actions. Further, the legislature has thrice broadened probate court jurisdiction in specifically named areas, but has not chosen to single out the two causes under consideration.

 The legislature's failure to discuss wrongful death and survival causes of action clearly illustrates that the legislature never contemplated or intended the jurisdictional step which Mrs. Seay proposes. While this court may properly write in areas traditionally reserved to the judicial branch of government, it would be a usurpation of our powers to add language to a law where the legislature has refrained. Intrusion into the legislative arena without regard for traditional constitutional and legal safeguards of legislative power would violate a fundamental judicial rule. Courts should carefully search out a statute's intent, giving full effect to all of its terms. "But they must find its intent in its language and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation." *Simmons v. Arnim*, 110 Tex. 309, 324, 220 S.W. 66, 70 (1920). *See also General Elec. Credit Corp. v. Smail*, 584 S.W.2d 690 (Tex.1979); *Jefferson County Drainage Dist. No. 6 v. Gary*, 362 S.W.2d 305 (Tex. 1962).

The wisdom in following legislative intent is reinforced by those problems that would be created by a judicial expansion of probate jurisdiction. Multiple plaintiffs, some injured and some killed in the same accident, would necessarily be forced into different courts. This would create needless litigation, potential appeal and res judicata problems and could conceivably frustrate a litigant's ability to protect his interest. These problems underscore this court's justification for remaining outside the legislative realm.

 Absent the legislature's express mandate that these two causes of action appertain to an estate and are within the jurisdiction of the statutory probate courts, we conclude that the proper forum for the trial of such cases is in the state district courts. Accordingly, the judgment of the court of appeals affirming the probate court's dismissal of the wrongful death action is affirmed; the judgment of the court of appeals reversing the probate court's dismissal of the survival action is reversed; and, the order of dismissal of the probate court is affirmed.