**Marie V. DAVIS,
Administratrix, Appellant,**

v.

**Joyce D. JOHNSON, Appellee.**

**No. 01–84–0389–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 4, 1985.

Rehearing Denied May 2, 1985.

E.W. Newman, Houston, for appellant.

Jacko Hargrave, Houston, for appellee.

Before DUGGAN, WARREN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a judgment following a non-jury trial approving and authorizing payment of a claim previously rejected by the administratrix of a decedent's estate. The claimant-appellee, Joyce D. Johnson, brought suit against the estate of Warren D. Davis, the decedent, to establish a claim to 50% of the profits acquired in a joint venture between Joyce D. Johnson and Warren D. Davis. The trial court found that Johnson and Davis had entered into and conducted a joint venture to provide serological services to Texas Southern University and that Johnson was entitled to 50% of the assets from that venture.

In September of 1976, appellee, Joyce D. Johnson, and the decedent, Warren D. Davis, entered into an agreement whereby they would jointly perform serological, medical, and related services for Texas Southern University. They further agreed to share equally in the proceeds and the net revenue derived from the Texas Southern University account, and to deposit all payments received from Texas Southern into a joint bank account in the Port City State Bank of Houston. The account was opened in the name of Modern Medical Laboratory as the joint account of Warren D. Davis and Joyce D. Johnson, and Davis made the initial deposit of $1400.

Shortly prior to Davis's death on July 2, 1978, Joyce D. Johnson transferred the sum of $14,000 from the Port City State Bank account to her personal account with Davis' knowledge and consent. Subsequent to Johnson's transfer of the $14,000, Marie V. Davis filed a petition for divorce in the 257th Judicial District Court of Harris County, and named as defendants Joyce D. Johnson, Warren D. Davis, Port City State Bank, and South Main Bank, where both Warren and Marie V. Davis had personal accounts. Pursuant to that lawsuit, the sum of $14,856.61 from the personal account of Joyce D. Johnson, $64.85 from one joint account of Warren D. Davis or Marie V. Davis, and $1,416.56 from another joint account of Warren D. Davis or Marie V. Davis were interpleaded by South Main Bank into the registry of the court. That lawsuit, including the monies in the registry of the court, was transferred to the Probate Court Number One of Harris County upon agreement of the parties, and was consolidated with the present action filed by Joyce D. Johnson urging her claim against the estate of Warren D. Davis.

Having concluded that Johnson and Davis entered into a joint venture, the trial court reconstructed the Port City State Bank account and awarded half the money in the account to Johnson. The sum of $22,492.50, collected by the estate from Texas Southern after Davis' death, was returned to the account, as was $14,000 of the $14,856.61 from Johnson's personal account being held by the trial court. These amounts, combined with the $1,385.91 still

in the account, totalled $37,878.41. The estate was given a credit of $1400 for the initial deposit by Warren D. Davis from his personal sources. Of the remaining $36,478.41, Johnson was awarded one-half, or $18,239.20.

■ In her first point of error, appellant urges that the probate court "erred in assuming jurisdiction when the probate court did not have jurisdiction." Appellant argues that the probate court did not have jurisdiction to hear this suit because probate court is not the appropriate forum to adjudicate the existence of a joint venture. Appellant relies generally upon *Seay v. Hall*, 677 S.W.2d 19 (Tex.1984), but she does not explain how that case applies to the facts and circumstances of this case. *Seay* addressed the issue of whether the statutory terms "appertaining to estates and incident to an estate," "all matters relating to the settlement ... of estates," and "claims" are broad enough to confer upon probate courts jurisdiction over survival and wrongful death actions. *See generally* Tex.Prob.Code Ann. secs. 3, 5 and 5A (Vernon 1980). While *Seay* held that wrongful death and survival actions are not matters appertaining to or incident to estates, nothing in that opinion requires the same result in this case. *Seay* turned on the fact that no specific sums of money are owed in survival and wrongful death actions because the damages are unliquidated. *See also English v. Cobb*, 593 S.W.2d 674 (Tex.1979). Furthermore, the controlling issue in wrongful death and survival actions is never the settlement, partition, or distribution of an estate.

In our case, as distinguished from *Seay*, Johnson presented a claim against the estate for a specific sum consisting of exact amounts derived from three particularized and identified sources. Thus, the controlling issue here was the settlement, partition, or distribution of liquidated and specific funds controlled by the estate. Appellant's first point of error is overruled.

■ In her second point of error, appellant urges that the trial court erred in finding that a joint venture existed between the appellee, Joyce Johnson and the deceased, Warren Davis, because there is nothing in the record to support the finding of a joint venture. We understand appellant's contention to be a no evidence point. In considering such a point, the court considers only the evidence tending to support the finding, viewing it in the light most favorable to the finding, giving effect to all reasonable inferences that may be drawn therefrom, and disregarding all evidence to the contrary. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex. 1981).

■ In support of the finding of a joint venture, Johnson testified that she and Davis entered into the joint venture in September, 1976; that they both had authority to, and did, write checks on the business account at Port City State Bank; and that they agreed to share equally in the profits of the business. The signature card from the Port City State Bank account bearing both names, as well as business checks showing Johnson's home address as the business address, were admitted into evidence. Johnson also testified and produced documentary evidence concerning her actual involvement in the business, including her preparation of statements mailed to Texas Southern University. This evidence and all reasonable inferences deriving therefrom support the court's finding. Appellant's second point of error is overruled.

■ Appellant's third and fourth points of error urge that the trial court erred in overruling her plea in abatement which stated that prior to a division of the assets of the joint venture, if there was one, there must first have been an accounting and winding up of the venture's affairs. Appellant claims that it is the "unyielding law" of this area that an accounting and winding up of the affairs of a joint venture are prerequisites to division of its assets. The law in this area is not as rigid as the appellant suggests. In *Chipley v. Smith*, 292 S.W. 209 (Tex.Comm'n App. 1927, judgment adopted), the court recognized a "well defined exception" to the general rule stat-

ed by appellant. When the partnership is formed to carry out a single transaction or venture and does not involve complicated accounts, one partner may maintain an action at law against his co-partner or, as in this case, against the estate, for his share of the profits of the venture without first having a formal accounting. *Id.* at 210. *Accord Mullins v. Archer,* 176 S.W.2d 763, 764 (Tex.Civ.App.—Amarillo 1943, no writ).

This case falls within this exception to the general rule, even though this undertaking was not a single venture in the same sense that there was a single venture in *Chipley* and *Mullins.* Here, the joint venture activity consisted of the servicing of one account for Texas Southern University. No work had been done on the account for a period of time before Warren Davis' death, and a final statement prepared by Johnson had been rendered to Texas Southern for all work done. The collection of that invoiced amount by the appellant executrix was the basis for a substantial portion of appellee's claim against the estate.

"Further, the evidence presented at trial demonstrated that the account was not complicated. Appellant states in her brief that there has been no resolution of the disposition of valuable lab equipment, accounts receivable, collection of assets, payment of creditors, payment of taxes, and a determination of net assets left after taking care of all the liabilities."

By her response to interrogatories in the original divorce action, Johnson had answered under oath in August 1978, some 5½ years before the plea in abatement and trial, that she was not in possession of any of Modern Medical Laboratories' facilities; that she did not know who was; and that she had not collected any of the venture's accounts receivable since Warren D. Davis' death. Johnson's interrogatory answers and pleading, both in the divorce action and in the probate claim, were consistent with the evidence heard at trial; i.e., that the Texas Southern University account was the joint venture's only work, that the work was completed and billed prior to Warren Davis' death, and that the balance due was collected from Texas Southern by the ap-

pellant administratrix. No testimony concerning equipment, other accounts receivable, other collections, creditors, taxes, or net assets was heard at trial, and no evidence of these matters was presented by the appellant administratix during the hearing on her plea in abatement.

There was ample opportunity to discover by depositions or interrogatories any complicating factors prior to trial, but nothing in the record indicates any attempt to discover such information. In cases where the estate of a deceased partner sues the surviving partner for an accounting of the partnership assets, the burden of proof is upon the estate to prove the amount for which the surviving partner should account to the deceased's estate. *Cauble v. Handler,* 503 S.W.2d 362, 364 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). Although here the estate has not actually sued the surviving joint venturer for an accounting, it is clearly asking for such an accounting by its plea in abatement. We hold that the burden of proof was upon the appellant in this case to come forward with any evidence that actually requires an accounting.

Since there was no such evidence, we hold that there was no necessity for a final accounting prior to the court's disposing of the assets on the joint venture. Points of error three and four are overruled.

The judgment is affirmed.