Lee Roy **ARMSTRONG**,
**Guardian, Appellant,**

v.

**JUDGE FITE COMPANY** and David
**Bennett, Appellees.**

**No. 13–85–054–CV.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 26, 1985.

Gloria A. Jackson, Dallas, for appellant.

Paul Schaumburg, Duncanville, Rick Frazier, Dallas, for appellees.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This case involves the question of the jurisdiction of the probate court to determine a guardian's "claim" for breach of a management agreement and/or constructive fraud against a realtor and a real estate company. The probate court granted a take-nothing summary judgment in favor of the realtor and real estate company. The guardian appeals, contending that the probate court lacked jurisdiction to do anything except to dismiss the lawsuit for lack of jurisdiction. We agree with the appellant.

The guardian, who filed the case in Probate Court, now urges us to set aside the summary judgment and remand the case to the trial court with instructions to vacate the judgment and dismiss the case in its entirety. The realtor and real estate company urge this Court to affirm the summary judgment, or alternatively affirm the judgment with the notation that the statutory Probate Court did not have jurisdiction.

This case is controlled by the recent Supreme Court opinion in *Seay v. Hall*, 677 S.W.2d 19 (Tex.1984). In *Seay*, the Supreme Court held that the probate court did not have jurisdiction over either a survival cause of action or a wrongful death action because such actions were not appertaining to estates and incident to an estate, or matters relating to the settlement of estates, or "claims" by or against estates.

In July of 1978, Sharon Kay listed her house for sale with David Bennett, a realtor associated with Judge Fite Real Estate Company. Mrs. Kay referred an interested buyer to the realtor, who prepared a lease-purchase contract providing for a one-year lease at $250 per month, payable on the first of the month. The contract gave the lessee-purchaser an option to purchase the property for $25,000. It further provided that the contract would be null and void if the lessee's lease payments were made more than ten days after the first day of any month in the lease.

In October of 1978, the real estate company agreed to manage the property during the one-year lease for a 10% commission of the monthly rent. The contract required the company to perform certain managerial duties for its commission. About one year later, in November of 1979, LeRoy Armstrong was appointed guardian of the person and estate of his sister, Sharon Kay, who had suffered from chronic disassociative schizophrenia from childhood until her condition deteriorated and necessitated the guardianship. In September of 1979, the tenant did not pay the rent until

the twelfth day of the month. The real estate company accepted the check and made no effort to declare the contract null and void.

In October of 1981, the guardian sued the realtor and the real estate company in the Probate Court, alleging constructive fraud arising from the alleged breach of the management contract. The real estate company and the salesman moved for summary judgment. The guardian responded to the motion for summary judgment, contending that the probate court actually lacked jurisdiction of the claim in the first place, arguing that the court's judgment on the pending motions for summary judgment would be a nullity. The probate court disregarded the guardian's argument and granted a take-nothing summary judgment in favor of the realtor and the real estate company.

The guardian now appeals, contending, among other things, that the trial court cannot grant a motion for summary judgment on the grounds of lack of jurisdiction and, at the same time, grant a judgment favorable to the defendants on other legal issues raised in the motion. We agree.

■ If appellant's claim for breach of the management agreement or constructive fraud is to be considered a "claim" on the estate, the probate court has jurisdiction. If the cause of action is not a claim on the estate, then no jurisdiction arises. TEX. PROB.CODE ANN. § 5A(b). In *Seay,* the Supreme Court held that claims are limited to those of a liquidated nature. Here, appellant's pleadings pray for general damages which constitute only an unliquidated expectancy of recovery. In addition, the probate court may only exercise jurisdiction if the controlling issue of the case is the settlement, partition or distribution of the estate. *Seay v. Hall,* 677 S.W.2d at 24. Here, appellant's "claim" for breach of the management agreement and constructive fraud was not a controlling issue in the settlement, partition or distribution of the ward's estate.

■ We hold that because the probate court did not have jurisdiction of the guardian's claim, the summary judgment granted in favor of the appellees was improper. The judgment of the trial court is accordingly reversed and judgment is here rendered setting aside the summary judgment and dismissing the guardian's cause of action.