

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 23, 2004

Ms. Dale B. Farrow, P.E.
Executive Director
Texas Board of Professional Engineers
1917 IH-35 South
Austin, Texas 78741

Opinion No. GA-0287

Re: Whether the seal of a professional engineer licensed in Texas may be placed on engineering plans, specifications, and other documents relating to projects not to be constructed in Texas (RQ-0244-GA)

Dear Ms. Farrow:

On behalf of the Texas Board of Professional Engineers (the "Board"), the former Acting Executive Director inquired about the requirement that a licensed engineer place his seal on the engineering documents he issues.[1] *See* TEX. OCC. CODE ANN. § 1001.401 (Vernon 2004). The Board wishes to know whether the sealing requirement applies only to engineering documents related to projects designed and constructed in Texas. *See* Request Letter, *supra* note 1, at 1.

Pursuant to the Texas Engineering Practice Act (the "Act"), TEX. OCC. CODE ANN. ch. 1001 (Vernon 2004), the Board regulates the practice of engineering and licenses engineers. *See id.* §§ 1001.201-.202, .301-.308. The Act provides that a licensee, on receiving a license, "shall obtain a seal in a design authorized by the board, showing the license holder's name and the legend 'Licensed Professional Engineer' or 'Registered Professional Engineer.'" *Id.* § 1001.401(a).[2] A license holder's seal must appear on a "plan, specification, plat, or report issued" by the license holder. *Id.* § 1001.401(b). *See also id.* § 1001.401(c) (if the license of the person named on the seal has expired or has been suspended or revoked, the seal may not be placed on a document). The sealing requirement assures the user of the engineering product that the professional engineer named on the seal has performed or directly supervised the work. *See* 29 Tex. Reg. 1603, 1604 (2004), *adopted* 29 Tex. Reg. 4878 (2004) (codified at 22 TEX. ADMIN. CODE § 137.33(a)) (Tex. Bd. Of Prof'l Engineers, Seal Specifications).

---

[1]Letter from Paul D. Cook, Acting Executive Director, Texas Board of Professional Engineers, to Honorable Greg Abbott, Texas Attorney General (June 28, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]The term "Registered Professional Engineer" derives from a former version of the Engineering Practice Act. When the Act was adopted in 1937, the credential issued to engineers was a "certificate of registration." *See* Act of May 18, 1937, 45th Leg., R.S., ch. 404, §§ 12, 15, 1937 Tex. Gen. Laws 816, 820-21. A 1997 enactment updated the Act's language by replacing "register" and "registration" with "licensing" and its variants. *See* Act of May 13, 1997, 75th Leg., R.S., ch. 344, §§ 1-2, 30, 1997 Tex. Gen. Laws 1462, 1463, 1473.

The Board reads section 1001.401(b) as pertaining only to sealing documents for projects designed and constructed in Texas. "We believe that the Texas seal should only be placed on Texas projects and if projects are to be constructed in other jurisdictions, a license should be obtained in that jurisdiction." Request Letter, *supra* note 1, at 2. A license holder has complained to the Board that if a project is designed in Texas for construction in another state, country, or international waters, the Texas license holder must affix a Texas seal to his design plans. *See id.* In this case, an international client requested a Texas firm to design an offshore oil platform, to be fabricated in Norway and erected in international waters. *See id.*

Whether an engineer licensed in Texas may practice in another jurisdiction without being licensed there depends upon the other jurisdiction's laws. Generally, each state requires licensing under its laws to practice engineering in that state. *See* STEVEN G. M. STEIN, CONSTRUCTION LAW, ¶ 1.01[1][b], at 1-15 (Matthew Bender & Co. ed., June 1998). Some states, however, provide limited exemptions from their licensing requirements for an engineer licensed in another state. For example, New York allows a person licensed as an engineer in another state to practice as a professional engineer during the time his application for licensure in New York is pending before the State Board for Engineering and Land Surveying. *See* N.Y. EDUC. LAW § 7208(b) (McKinney 2001). *See also* 63 PA. CONS. STAT. § 152(b) (West 1996) (nonresident qualified to practice engineering in state of residence may practice in Pennsylvania for up to thirty days aggregate per year, if standards of his state at least equal those of Pennsylvania); TEX. OCC. CODE ANN. § 1001.310(b) (Vernon 2004) (Board "may issue a provisional license to an applicant currently licensed in another jurisdiction who seeks a license in this state"). Where the law of another state includes such exceptions, a Texas licensee in effect practices under his Texas license in that state.

Section 1001.401 provides that "[a] plan, specification, plat, or report issued by a license holder must include the license holder's seal placed on the document." TEX. OCC. CODE ANN. § 1001.401(b) (Vernon 2004). The requirement applies to plans, specifications, plats, and reports issued by an engineer licensed under Texas law, without excepting any such documents. A court will not write exceptions into a statute to make it inapplicable in circumstances not mentioned in the statute. *See Pub. Util. Comm'n of Tex. v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988); *Jefferson County Drainage Dist. No. 6 v. Gary*, 362 S.W.2d 305, 307-08 (Tex. 1962). Section 1001.401 applies to engineering documents prepared under the authority of a Texas license to practice engineering, not merely to documents for projects designed and constructed in Texas. The seal of a professional engineer licensed in Texas must be placed on all plans, specifications, plats, and reports he issues under authority of his Texas license, even if the project will not be constructed in Texas. Whether documents prepared and sealed by a Texas engineer under authority of his Texas engineering license may legally be used for construction in another state or country depends upon the laws of that jurisdiction.

## S U M M A R Y

A professional engineer licensed in Texas must place his seal on engineering plans, specifications, plats, and reports prepared under authority of his Texas license, even if the project will not be constructed in Texas. Whether documents prepared and sealed by an engineer under authority of his Texas license may legally be used for construction in another state or country depends upon the laws of that jurisdiction.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee