September 24, 2012

Mr. Zak Covar
Executive Director
Texas Commission on Environmental Quality
Post Office Box 13087
Austin, Texas   78711-3087

Opinion No.  GA-0970

Re:   Whether a state agency's demand for restitution based upon an unadjudicated claim for breach of a grant contract constitutes a "debt" to the state for purposes of section 403.055, Government Code   (RQ-1054-GA)

Dear Mr. Covar:

Your predecessor asked two questions related to the ability of the Texas Commission on Environmental Quality ("TCEQ") to use the warrant-hold process under Government Code section 403.055 as a means of enforcing compliance with certain grant agreements.[1] TCEQ, in conjunction with the Comptroller of Public Accounts (the "comptroller") and the Public Utility Commission, administers the Texas Emissions Reduction Plan ("the Plan" or "TERP") under chapter 386 of the Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 386.051(a) (West Supp. 2011). The Plan authorizes TCEQ to provide grants or other funding for multiple projects designed to improve air quality. *Id.* § 386.051(b). If a grantee fails to comply with grant requirements, your predecessor explained that TCEQ sends a "formal written demand letter and invoice . . . to the grantee requiring the return of grant funds paid based on the noncompliance," and that the "amount demanded is subject to modification by the amount of performance that was successfully achieved before the breach of the contract." Request Letter at 1.

The request letter notes that Government Code section 403.055 requires state agencies to report to the comptroller "each person who is indebted to the state," and that the comptroller generally "may not issue a warrant or initiate an electronic funds transfer to a person who has been reported" under that section. *Id.* at 2; TEX. GOV'T CODE ANN. § 403.055(a), (f) (West 2005). The request letter first asks whether "TCEQ's formal written demand for restitution damages based upon an unadjudicated claim for breach of a grant contract issued under Chapter 386 . . . create[s] a 'debt to the state' for purposes of application of Section 403.055 of the Texas Government Code?" Request Letter at 2.

---

[1]*See* Letter and Brief from Mark R. Vickery, P.G., Exec. Dir., Tex. Comm'n on Env't Quality, to Honorable Greg Abbott, Tex. Att'y Gen. (Apr. 16, 2012), http://texasattorneygeneral.gov/opin ("Request Letter" & "Brief").

The Legislature has not defined "debt to the state" for purposes of section 403.055. Texas courts have defined "debt" to ordinarily mean "a specified sum of money owing to one person from another." *Seay v. Hall*, 677 S.W.2d 19, 23 (Tex. 1984); *see also Thomas v. State*, 919 S.W.2d 427, 431 n.5 (Tex. Crim. App. 1996) (citing BLACK'S LAW DICTIONARY 403 (6th ed. 1990) (defining "debt" as "[a] sum of money due by certain and express terms")). Prior opinions of this office have explained that for purposes of section 403.055, a debt to the state must be "established either by *agreement* between the state and the debtor; by the state's proper allegation of the existence of a debt by *statutory reference*; or by some other *lawfully effective means*." Tex. Att'y Gen. Op. Nos. DM-217 (1993) at 2, MW-416 (1981) at 2–3. The TCEQ letter itself does not fall into one of these three categories, and the act of sending a letter requesting restitution damages based upon an unadjudicated claim for breach of a grant contract issued under chapter 386 of the Health and Safety Code will not, by itself, establish a debt to the state for purposes of section 403.055 of the Government Code. If, however, TCEQ's formal written demand for restitution damages is premised on an agreement between the state and debtor, the existence of a debt by statutory reference, or some other lawfully effective means of creating a debt, TCEQ could establish a debt to the state under section 403.055.

We first consider whether TCEQ can establish a debt to the state on the basis of its agreements with TERP grantees. Determining whether any given TERP grant contract forms the basis of a debt to the state would require that we construe the terms of the agreement, a task this office cannot undertake through the opinion process. Tex. Att'y Gen. Op. No. GA-0864 (2011) at 3. However, we can answer general questions of law, and thus we rely upon the request letter's general description of TERP grant agreements, which reportedly require that grant funds be returned "after a failure to perform the activities required by the grant." Further, the brief indicated that the amount owed is "based upon the subsequent valuation of the calculated cost of the contract breach." Brief at 3. The request letter's description of these agreements does not suggest a "sum certain in money" owed such that the agreements would, by themselves, establish a debt. However, more specific contract terms could create a debt by agreement. We can advise only that a demand for restitution damages based upon breach of a TERP grant contract may or may not create a debt to the state under section 403.055, depending on the circumstances and the specific terms of the document that purportedly creates the debt.

It may also be possible for TCEQ to establish a debt to the state by statutory reference. The Legislature has authorized TCEQ to use the TERP Fund to provide grants for a number of different programs that are intended to improve air quality. TEX. HEALTH & SAFETY CODE ANN. § 386.051(b) (West Supp. 2011). Each of these programs is established in a separate chapter, subchapter, or section of the Health and Safety Code, which may or may not include a statutory basis for establishing a debt. *See, e.g., id.* § 391.302(c)–(d) (West 2010) (explaining that a misuse of grant funds provided under the new technology implementation grant program "results in a debt owed to the state" under section 403.055(g)). Within the confines of an attorney general opinion, we can advise only that TCEQ could establish a debt to the state under section 403.055 if the grant contract involves a legislative program wherein the enabling legislation specifically creates a debt.

Prior opinions of this office have explained that a debt to the state may also be established "by some other lawfully effective means." Tex. Att'y Gen. Op. Nos. DM-217 (1993) at 2, MW-416 (1981) at 2–3. One such lawfully effective means of establishing a debt could be an internal TCEQ administrative process that provides grantees with the due process required by section 403.055(g) of the Government Code, including notice and an opportunity to contest the amount or existence of a contract breach. *See* TEX. GOV'T CODE ANN. § 403.055(g) (West 2005). TCEQ would need to determine the specific nature of that administrative process in the first instance.

Along those lines, the request letter's second question asked whether "the TCEQ process for determination of the breach and amount of damages and demand thereof satisfy the due process requirements of Section 403.055(g), and if not, what extra due process protections may be necessary." Request Letter at 2. Under section 403.055(g), TCEQ "may not report a person" to the comptroller as indebted to the state "unless the agency first provides the person with an opportunity to exercise any due process or other constitutional or statutory protection that must be accommodated before the agency or the state may begin a collection action or procedure." TEX. GOV'T CODE ANN. § 403.055(g) (West 2005). In a prior opinion, we explained that under subsections 403.055(f)–(g) "[d]ue process requires notice and an opportunity . . . to object to the amount or existence of the" breach. Tex. Att'y Gen. Op. No. GA-0171 (2004) at 6. Thus, in order to ensure that its procedures satisfy section 403.055(g), TCEQ must, at a minimum, provide grantees with notice of the alleged breach and an opportunity to contest the allegations. The Legislature has not established further procedures for complying with this due process requirement, and we therefore cannot specify what exact process must be afforded to each individual grantee.[2]

While the TCEQ demand letter may provide the requisite notice, due process also requires, at a minimum, that the alleged debtor have an opportunity to contest the demand for restitution. Although we are unable to provide you with the exact process necessary to comply with the statute's due process requirements, we can advise that until TCEQ has provided grantees with some opportunity to contest the amount or existence of the alleged debt, TCEQ "may not report a person" to the comptroller as indebted to the state under section 403.055(f). If, however, a debt to the state has been established at the conclusion of an administrative process that satisfies section 403.055(g), TCEQ may report the grantee to the comptroller as indebted to the state under section 403.055(f).

---

[2]The Texas Supreme Court has explained that "[w]hat process is due is measured by a flexible standard that depends on" three factors, which include:

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995).

# S U M M A R Y

The act of sending a letter requesting restitution damages based upon an unadjudicated claim for breach of a grant contract issued under chapter 386 of the Health and Safety Code will not, by itself, establish a debt to the state for purposes of section 403.055 of the Government Code. The Texas Commission on Environmental Quality could establish the existence of a debt to the state if specific contract terms that create an agreement between the state and grantee establish a debt, if the Commission can allege the existence of a debt by statutory reference, or if the Commission can establish the debt by some other lawfully effective means, including a TCEQ internal administrative process that provides the grantee with the requisite due process.

Once the Commission has established a debt to the state and provided grantees with due process, including an opportunity to contest the amount or existence of a contract breach, the Commission may report a person to the comptroller as indebted to the state under Government Code subsection 403.055(f).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee